## B. & B. MACHINE WORKS et al. v. CHARBONEAU et al.

No. 22835. Opinion Filed Jan. 26, 1932.

Rehearing Denied Feb. 9, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Emerson & Duncan, for respondent.

McNEILL, J. This is an original action to review the order and award of the Industrial Commission rendered on August 19, 1931. The respondent received a personal injury arising out of and in the course of his employment with petitioner B. & B. Machine Works, while he and two other employees were carrying a channel iron about 30 feet long, which weighed about 800 pounds. As respondent started to step over some bricks, he fell and the channel iron fell across his body and over the left groin. The attending physician's report shows that he suffered a direct inguinal hernia on the left side. In said report which was dated November 13, 1930, appeared the following:

"For what period, from the date of accident, is disability likely to exist?

"(Answer): Undetermined as to hernia. 1 week or 10 days for arm.

"State, in patient's own words, how accident occurred.

"(Answer): Bruised arm on some iron works. Next day while unloading some steel strained left side."

The attending physician's report also shows that respondent was advised that surgery alone would be the only satisfactory means of treatment for the hernia. In this report the attending physician stated that there was no evidence of syphilis. It is contended by the petitioner that the infection which later developed was probably due to syphilis. Dr. A. S. Phelps operated on respondent on November 18, 1930, for direct inguinal hernia and stated in his report, which was filed on November 21, 1930, that the disability would likely extend for a period of 16 days. On December 4, 1930,

respondent filed his first notice of injury and claim for compensation with the Commission, stating therein he had received hernia and internal injury. The matter came on for hearing on August 17, 1931, and the Commission entered its award, in part as follows:

"(1) That the claimant, R. D. Charboneau, was in the employ of the respondent B & B Machine Works on November 6, 1930, and engaged in a hazardous occupation subject to the provisions of the Workmen's Compensation Law.

"(2) That on the 6th day of November, 1930, while in the course of such employment with respondent and arising out of same, claimant was injured when a heavy iron fell on his left side, resulting in hernia and other internal injuries.

"(3) That the average wage of claimant was $4.50 per day. The Commission is of the opinion: By reason of the foregoing facts that claimant is entitled to compensation from November 6, 1930, up to August 17, 1931, less any sum or sums heretofore paid, and beyond the five-day waiting period, and to continue said compensation until otherwise ordered by the Commission."

On August 22, 1931, petitioner and insurance company filed a motion to reconsider said order on the ground that there was no evidence that respondent was permanently and totally disabled; that there was no evidence that he sustained internal injuries other than those causing the hernia. On August 26, 1931, the Commission overruled said motion. The petitioners contend as follows:

"(1) The finding of the Commission that the claimant sustained other internal injuries besides those resulting in the hernia, causing his disability, is not reasonably supported by any evidence, and the award for compensation from November 6, 1930, to August 17, 1931, is contrary to law.

"(2) The order and award is contrary to law, in that it does not state at what weekly rate said compensation is to be paid.

"(3) The order and award is contrary to law as it does not state whether B & B Machine Works is an individual, a corporation, a partnership, or other entity."

As to petitioners' first contention, the evidence plainly shows that at the time of the hearing respondent was unable to perform manual labor. It appears that infection in the operative wound set in after the operation, and there is some evidence that this may have been due to some syphilitic condition. On account of infection the whole operative structure broke down, pus was drained from the wound for months, and the operation resulted in a hardening along the hernia incision. Scar tissue resulted in

the healing of the wound which prevented bulging of the abdominal contents. There is evidence that the flexion of his left leg is limited on account of the scar tissue. One of the doctors testified that respondent might get a good recovery in another six to twelve months. Petitioners contend that they should not be required to pay to exceed eight weeks by reason of the hernia under the Workmen's Compensation Law (Comp. Stat. 1921, sec. 7290, subd. 3, as amended by Laws 1923, c. 61, s. 6). However, the Commission found that respondent received a "hernia and other internal injuries." The evidence does not show the certainty and precision that might have been developed as to the nature of the other internal injuries, but there is evidence upon which to base such findings. The facts show the respondent and two others were carrying this channel iron of about 800 pounds, and that respondent strained his left side, and iron fell on his left hip and groin. The evidence shows that respondent received proper medical attention. The respondent stated that he received other injuries beside the hernia when the iron fell across his left hip and groin. One of the doctors stated that he has a very definite impairment in the function of flexion in the left leg, and that at the time he examined him, respondent could not raise his limb without considerable tension in the scar of the operation. It is contended on the part of the petitioner that this impairment is due to the scar tissue resulting from the hernia operation.

As to petitioners' second contention, the Commission found that respondent received a daily wage of $4.50, and inadvertently did not state what weekly rate said compensation was to be paid. To ascertain the weekly rate of compensation in this case from such finding is a matter of computation which this court is authorized to make. Markham v. State Industrial Commission, 85 Okla. 81, 205 P. 163.

As to the third contention of petitioners, the same is without merit. It was not attempted to be shown that respondent was not working for the B. & B. Machine Works at the time of the receipt of his injury. The report of the initial payment of compensation filed with the Commission on November 28, 1930, shows that B. & B. Machine Works is the respondent, petitioner herein, and the New York Indemnity Company is the insurance carrier.

The award is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, AN-DREWS, and KORNEGAY, JJ., concur. RILEY, J., absent.