TRANSWESTERN OIL CO. et al. v. PARTAIN et al.

No. 29237.   Sept. 17, 1940.

Rehearing Denied Oct. 22, 1940.

*106 P. 2d 263.*

Pierce & Rucker and Fred M. Mock, all of Oklahoma City, for petitioners.

C. W. Schwoerke and Ross G. Hume, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. This is an original action in which the Transwestern Oil Company and the Maryland Casualty Company, as petitioners, present to this court for review an order and award of the State Industrial Commission.

The order complained of was entered on the 24th day of April, 1939. It determined that, as a result of an accident, the claimant, Robert Dow Partain (respondent herein), sustained an injury to his back and right side resulting in a hernia. He was found to have been temporarily totally disabled from and after June 22, 1938, and continuing compensation from that date (less the five-day waiting period) was ordered paid. It was also ordered that the claimant be given an operation for hernia.

The claimant urges that any and all relief should be denied petitioner for the asserted reason that the order from which the appeal was taken was made after the jurisdiction of the commission had lapsed. It is claimed that another order disposing of the issues which the order herein deals with had been previously entered, and that the same had become final by reason of the lapse of time without the institution of a judicial action to review the same in this court.

The features of the case essential to a consideration of the point are as follows.

The claimant filed his first notice of injury on June 24, 1938. Various hearings were held before inspectors of the State Industrial Commission, resulting ultimately in an order adopted by a vote of three members of that board.

The provisions of the order were substantially the same as those of the subsequent order now presented for review. It was made and entered on the 13th day of March, 1939, which was eleven days after the effective date of chapter 72 (pp. 578 et seq.) S. L. 1939, which, in the ninth subdivision of section 2, contained provisions relating to a hearing before the entire commission, prescribing as a prerequisite for such hearing that the aggrieved party should file with the secretary of the Industrial Commission, within ten days after an order upon a hearing before a commissioner as therein described, a notice of appeal.

For the purpose of complying with the above-mentioned provisions of the law, and obtaining a hearing before the commission en banc, as contemplated by the foregoing statute, the employer and insurance carrier filed with the State Industrial Commission a notice of appeal requesting such hearing. This notice was filed on the 22nd day of March, 1939. Thereafter, and on the 11th day of April, 1939, the commission entered an order vacating the order of March 13th. Subsequently, and on the 24th day of April, 1939, the commission, upon hearing, entered the order herein presented for review.

The claimant takes the position that notwithstanding the filing of the notice of appeal on the 22nd day of March, the order of March 13th became final on April 3rd by reason of failure to challenge the same by appropriate proceedings in this court within the 20-day period allowed for that purpose by section 3 of chapter 72, S. L. 1939 (amending section 13363, O. S. 1931).

The claimant's position is based on the hypothesis that the order of March 13th (since it was signed by three members of the commission) should be treated as an order upon hearing before the commission, and was therefore of such a character as to constitute a final determination of the cause, from which no appeal could be taken to obtain a hearing before the commission en banc.

This position is taken by the claimant notwithstanding that he seems to have regarded the order otherwise during the proceedings before the commission. Before that body he voiced no objection to the proceedings and subsequent orders of the commission in which the order of March 13th was treated as preliminary or tentative in nature and subject to review by the commission en banc.

It is apparent that the order of March 13th, which is now said to constitute a final and conclusive disposition of the rights of the parties to the proceeding, was made and entered during a transitory period immediately succeeding the effective date of chapter 72, S. L. 1939, supra. The order was entered in accord with the proceeding established under pre-existing law and did not correspond in method of entry with either type of hearing or order contemplated by the 9th subdivision of section 2 of chapter 72, S. L. 1939, since it was not preceded by a hearing before either a commissioner or the commission as a whole.

It is obvious, however, that one of the purposes of subdivision 9, supra, was to make available to parties whose rights are subject to determination by the commission a hearing before the commission en banc by the simple method of giving notice of appeal within the time therein

described. The commission accorded to the petitioners this statutory right.

The question then arises, Does the failure on the part of the commission to conform to the requirements of the law in the manner of entering the first or tentative order deprive an aggrieved party of the right of a hearing before the whole commission?

This question must be answered in the negative. One of the obvious and principal purposes of the law was to accord to the parties an opportunity to present their cause to the commission en banc. To hold that the mere signing of an order by the members of the commission or a majority thereof operates to deprive a party of this statutory right would defeat the legislative purpose in enacting the law. The method employed by the commission may have been erroneous and denoted a lack of conformity to the requirements of the statute, but such error, if any, was that of the commission acting on its own responsibility, and we decline to construe the law in such a manner as to cause the erroneous action thus taken to deprive the petitioners of a valuable statutory right.

The foregoing conclusion on this point is impelled by the established rules of the court. In Carlile et al. v. National Oil & Development Co. et al., 83 Okla. 217, 201 P. 377, we pointed out in paragraph 8 of the syllabus that:

"A statute should receive a rational, sensible interpretation, one which tends to avoid or remove the mischief at which it was leveled and to accomplish the object sought by the legislative body which enacted it, rather than one which promotes or permits the evil and avoids the accomplishment of the purpose of the enactment."

More recently and peculiarly appropriate to this cause, we said in paragraph 2 of the syllabus in Re Benson, 178 Okla. 299, 62 P. 2d 962:

"Statutes giving the right to appeal are to be liberally construed." (Notice also authorities reviewed in body of opinion.)

The above rule was so applied in the foregoing case as to preserve and accord to a party litigant a right of appeal even though not within the literal meaning of the language used in the statute. In the case at bar the requirements in connection with its application are less stringent. The appeal here accorded and protected is clearly contemplated and provided by the statute. It follows that the order and award herein presented for review is properly before us for consideration.

The petitioners first assert that the order and award should be vacated for the asserted reason that it "is erroneous and contrary to law." Under this general complaint petitioners stress the importance of the provision of section 13356, O. S. 1931 (title 85, sec. 22, Okla. St. Ann.), relating to hernia and the rule established by this court in connection therewith. Subject to certain exceptions the statute and rule thus invoked limits recovery in hernia cases to eight weeks' compensation and an operation for hernia. It was stated by this court in the first paragraph of the syllabus in Williams v. Commander Mills, Inc., et al., 181 Okla. 362, 73 P. 2d 1143:

"Under section 13356, O. S. 1931, compensation for an injury resulting in a hernia is limited to eight weeks and an operation to correct the hernia unless the hernia results in a permanent total disability, in which event compensation for permanent total disability may be awarded."

See, also, Barnsdall Oil Co. v. State Industrial Commission et al., 178 Okla. 242, 62 P. 2d 655; Pioneer Mills Co. v. Webster, 184 Okla. 49, 84 P. 2d 642; Dunning Construction Co. v. Heck, 160 Okla. 93, 15 P. 2d 988.

It is urged by the petitioners that by reason of the foregoing rule the commission was not authorized to award continuing temporary total disability as herein allowed.

In answer to this argument the claimant points out that, according to the evidence and finding of the commission, his injury, or injuries, were not confined to

the hernia, but that he also sustained an injury to his back and right side.

In this connection it appears that the claimant was employed by the Transwestern Oil Company and engaged in oil field work. On March 21st, while so employed, he and a fellow employee were carrying a four-inch pipe, weighing something more than 300 pounds. The other employee dropped his end, causing the end being carried by claimant to get out of control. It fell, striking the claimant on the back. Medical testimony produced by the claimant is to the effect that claimant was suffering from an injury to his back, as well as the hernia, and that both contributed to his disability. The commission, as we have previously mentioned, determined in its findings the existence of the back injury as well as the hernia.

A similar situation was presented to this court in B. & R. Machine Works et al. v. Charboneau et al., 154 Okla. 272, 7 P. 2d 675. There, as here, the accident resulted in a hernia as well as other injuries. There, as here, the contention was made that compensation should be limited by the hernia clause of section 13356, supra. We therein approved compensation in excess of that limitation by reason of the existence of the other injuries which, as in this case, contributed to the compensable disability. The result here must be the same.

It is apparent that when an employee engaged in one of those hazardous occupations covered by the Workmen's Compensation Laws sustains an accidental injury which results in a hernia and other physical conditions which, operating together, create a disability, his compensation is not necessarily limited by the hernia clause of section 13356, O. S. 1931.

The petitioners' complaint upon this point is therefore denied.

It is next urged by the petitioners that "the order and award complained of is not reasonably supported by any competent evidence." In connection with this complaint the petitioner takes the position, "under the undisputed evidence in this case, the hernia with which this claimant is suffering was not the result of the accidental personal injury of March 21, 1938." This contention is based principally upon the testimony of one of the medical experts who testified in behalf of the petitioners. This doctor testified in substance that the claimant, in giving to him a history of his case, advised him that the hernia condition predated the injury. This testimony, the petitioner asserts, was not denied by the claimant. In this respect the petitioner is mistaken. The claimant in his testimony stated positively that the hernia condition was not discussed between himself and the doctor. It is true that he did not take the stand for the purpose of denying the statement of the doctor, but the contradiction was included in his previous testimony to the contrary.

Also supporting the decision of the commission on this point is the testimony of a doctor produced as a witness by the claimant who, basing his conclusion upon an examination of the claimant and the history given him by the claimant, advised the commission that:

"A. * * * I think it (referring to the hernia) was purely from external forces. Q. And those external forces were, in your opinion, this accident? A. Yes, sir."

It is apparent that the question here presented is one of fact, and that there is in the record before us competent evidence supporting the decision of the commission. It is therefore not within our province to disturb the award. Swift & Co. et al. v. Hurley et al., 167 Okla. 5, 27 P. 2d 821; Phillips Petroleum Co. v. Renegar et al., 167 Okla. 496, 30 P. 2d 922.

The petitioners next assert the insufficiency of the evidence to justify the commission in excusing failure to give written notice within 30 days after the injury, as required by section 13358, O. S. 1931, 85 Okla. St. Ann. § 24.

Written notice of the injury was excused by the commission on the theory that the employer had actual notice

thereof, and that the employer was not prejudiced by the failure to give the written notice.

The actual notice was given to one Ellis Bush, the foreman over the claimant. The petitioners do not question that the receipt of such actual notice by Bush, if otherwise sufficient, was effective under the holdings of this court, but they assert that the actual notice given was insufficient in substance. In support of their position reliance is placed upon Southwest Box Co. et al. v. Dampf et al., 170 Okla. 269, 39 P. 2d 589, where we announced the applicable law in paragraph 1 of the syllabus in the following language:

"Where claimant fails to give to the commission and to the employer notice in writing of an injury for which compensation is payable under the Workmen's Compensation Law within 30 days after injury, and seeks to excuse such failure upon the ground that the employer had actual notice of the injury, the claimant must prove that the employer had actual notice of the *time, place, nature and cause of the injury,* and, if the employer be a corporation, then such actual notice must be to an agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred, or a superintendent or foreman in the place where the injury occurs, and required, in the latter instance, under the rules of the company to report accidental injuries to the employer." (Emphasis ours.)

An examination of the proof on this question (eliminating conflicts unfavorable to claimant) shows that in a conversation with the foreman very soon after the accident he told him what had happened on the job where they were working and that the pipe striking him had hurt his back and side. A careful examination of the proof on the point reflects that (while perhaps not as complete as might be desirable) the essential requirements of the law were satisfied. The employer had actual notice of the time, place, nature, and cause of the injury.

No other asserted error being presented, the award is affirmed.

WELCH, V. C. J., and OSBORN, CORN, and GIBSON, JJ., concur.