No. 18,332.

CITY AND COUNTY OF DENVER *v.* LARRY W. PALMER.

(342 P. [2d] 687)

Decided July 20, 1959.

Mr. JOHN C. BANKS, Mr. PATRICK H. DILLON, for plaintiff in error.

Mr. C. J. BERARDINI, for defendant in error.

*En Banc.*

· MR. JUSTICE DOYLE delivered the opinion of the Court.

THE City and County of Denver seeks review of a judgment of the Superior Court of Denver directing the dismissal of two complaints charging the defendant, defendant in error in this Court, with the violation of an ordinance prohibiting the driving of a vehicle while his license was revoked. The matter is before us on stipulated facts from which it appears that on March 24, 1954, the defendant's operator's license was suspended. On May 14, 1954, the suspension was changed to a license revocation. The offenses were alleged to have occurred on December 24, 1955, and on February 27, 1956. In each instance it is charged that the defendant violated Section 513.17-2 (1) of the Ordinances of the City and County of Denver. Admittedly the defendant operated a motor vehicle on the dates alleged in the complaints. Also admitted is the fact that the defendant's operator's license had been suspended on March 24, 1954, and had been revoked on May 14, 1954.

The sole contention of defendant, with which the trial court agreed, is that under the applicable state statute, the limitation of one year applicable to a suspension also applies to a revocation and regardless of whether the operator's license was revoked or suspended it is restored by operation of law at the end of one year.

· The provision in force at the time of the alleged violations herein, C.R.S. 1953, 13-3-25, provided:

"*Period of suspension or revocation.* — The department shall not suspend a license for a period of more than one year and upon revoking a license shall not in any event grant application for a new license until the expiration of one year after such revocation, and any license issued

within the period of time such suspension or revocation is in effect, shall be invalid."

This section has now been amended. See 13-3-25, 1957 Cum. Supp.

■ The above quoted section contemplated a new application by the respondent following the expiration of one year after revocation. Had his license merely been suspended his right to drive at the end of one year would have been clear. Revocation is a different condition under which the right does not automatically spring to life at the end of the one year period. Until a new application had been filed and a new license granted the defendant's license continued revoked.

The passing of time and intervening law changes have served to render unimportant in the present determination the erroneous construction placed upon the statute by the trial court. The instant prosecution antedated the decision of this Court in *City of Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614. It will be recalled that the Court there held the operation of a vehicle while under the influence of intoxicating liquor to be a matter of state-wide concern and ruled that it therefore must be prosecuted under applicable state statute by the people of the State of Colorado acting through the District Attorney of the judicial district in which the offense occurred. The *Merris case* also reiterated the often recognized proposition that the Twentieth Amendment authorizes home-rule cities to legislate on matters of exclusively local and municipal concern.

■ In accordance with the distinctions and delineations prescribed by the *Merris case,* we have this day determined in *Davis, et al. v. City and County of Denver;* Nos. 18,293, 18,292, 18,283 and 18,299, that the offense of driving a motor vehicle while the operator's license is suspended or revoked is a matter of general state-wide importance and concern and that, therefore, any attempt by the City to legislate on this subject is ultra vires and void. The present case is governed by our decision this

date in *Thomas E. Davis, Ralph Curtis Mason, Judge Solon Hinton and Jack Von Pickrell v. City and County of Denver.* It follows, therefore, that the attempted prosecution under Section 513.17-2 (1) of the Denver Ordinances was and is void and of no effect whatsoever.

For these reasons, the judgment of the Superior Court is affirmed.

MR. JUSTICE FRANTZ specially concurring in the result. MR. JUSTICE HALL joins in the specially concurring opinion.

MR. JUSTICE FRANTZ specially concurring in the result:

What I have said in the case of *Thomas E. Davis v. City and County of Denver,* No. 18,293, and related cases, applies to this case.

MR. JUSTICE HALL joins in this opinion.