No. 19,411.

PEOPLE OF THE STATE OF COLORADO *v.* ROBERT L. LOPEZ.
(354 P. [2d] 491)

Decided August 2, 1960.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Robert C. Rhone, Jr., Special Assistant, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Chief Justice Sutton delivered the opinion of the Court.

Lopez was granted a minor operator's license to drive a motor vehicle in May of 1957. This license was to expire on March 20, 1958, when he attained his seventeenth birthday. In November of 1957, pursuant to the provisions of C.R.S. '53 13-3-23 (f) as amended, his license was revoked by the Department of Revenue of the State of Colorado.

In June of 1959 Lopez was arrested and charged with driving while his license was revoked. He was convicted of the offense as charged in the Justice of the Peace Court of the City and County of Denver, whereupon he prosecuted an appeal to the Superior Court. Trial was had *de novo* upon stipulated facts, and an order of acquittal entered. The reason given by the trial court for the acquittal was that the revocation of the license had expired on March 20, 1958, at the time when the revoked license was to have expired.

There is only one question here to be determined, viz: does a revocation of a minor operator's license to drive a

motor vehicle expire at the time the license itself would have expired? This question is answered in the negative.

In *City and County of Denver v. Palmer* (1959) 140 Colo. 27, 342 P. (2d) 687, this court clearly established that until a new license has been granted one that has been previously revoked continues revoked. This rule is here controlling. The trial court attempted to distinguish the *Palmer* case upon the type of license involved, stating:

"It (the *Palmer* case) would have application if it was an ordinary license, but this is not an ordinary license. By its own terms it died. It terminated. It was a terminal license on the happening of a certain event, and that was a birthday."

We do not believe this to be a valid distinction. All licenses to operate motor vehicles in the State of Colorado terminate upon a certain date, requiring a new application and the granting of a new license to operate a motor vehicle. Until the privilege of operating a motor vehicle has been restored by a new application and license, a privilege previously revoked remains revoked.

The judgment of the trial court is hereby disapproved.

MR. JUSTICE HALL not participating.