STATE of Minnesota, Appellant,

v.

William Charles WICKS (47335),
Respondent,

Grant Virgil Guerri (47336), Respondent,

Jerry Ewald Karger (47337), Respondent,

Richard Eugene Koenig (47338),
Respondent,

Dennis Carl Swanson (47339),
Respondent,

Scott Glen Davis (47340), Respondent.

STATE of Minnesota, Plaintiff,

v.

Larry William THORSON (47455)
Defendant.

Nos. 47335–47340 and 47455.

Supreme Court of Minnesota.

Sept. 16, 1977.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson and Phebe S. Haugen, Asst. County Attys., and Lee Barry, Law Clerk, Minneapolis, for appellant.

Robert W. Johnson, County Atty., Dan M. Kammeyer, Asst. County Atty., Anoka, for plaintiff.

Joseph Kaminsky, Minneapolis, for Wicks and Guerri.

Richard E. Olson, Minneapolis, for Karger.

William R. Kennedy, Hennepin County Public Defender, Kevin Johnson, Asst. Public Defender, Minneapolis, for Koenig.

William R. Kennedy, Hennepin County Public Defender, E. George Widseth, Asst. Public Defender, for Swanson.

William R. Kennedy, Hennepin County Public Defender, Barbara J. Britt, Asst. Public Defender, for Davis.

Craig D. Larson, Champlin, for Thorson.

Warren Spannaus, Atty. Gen., Robert W. Johnson, County Atty., and Dan M. Kammeyer, Asst. County Atty., for respondent state.

Heard before PETERSON, MacLAUGHLIN, and PLUNKETT, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

These seven consolidated appeals present a single issue of statutory construction. Defendants were each charged with violation of the so-called Aggravated Violations Statute, Minn.St. 171.245, which makes it a gross misdemeanor to operate a motor vehicle while under the influence of alcohol and "while the driver's license or driver's privilege is cancelled, suspended or revoked * * * because of the operation of a motor vehicle while the person was under the influence of alcohol * * *."[1] In each case, the defendant had been convicted of driving while under the influence, Minn.St. 169.121; the Department of Public Safety, pursuant to Minn.St. 171.17(2), had sent notification to the defendant that his driver's license or driver's privilege had been revoked as a consequence of that conviction; the notice of revocation specified a period of between 30 and 90 days after which the defendant would be eligible to apply for a new license; the specified period of ineligibility had expired, but the defendant had not completed his application for a new license and none had been issued when he was again arrested for driving under the influence. These prosecutions resulted.

The state appeals from an order of the Hennepin County District Court dismissing six of the cases following the trial court's ruling that § 171.245 should be limited in application to those instances where drivers are arrested for driving under the influence during the period of ineligibility for a new license. In the seventh case, the Anoka County District Court, with defendant's consent, certified to this court the following question:

"May a defendant be convicted of a violation of Minnesota Statutes 171.245, *when his driver's license or driver's privileges have been revoked* for a fixed period of time (for example, 30 or 60 or 90

1. Minn.St. 171.245 provides in part: "Any person who operates a motor vehicle, the operation of which requires a driver's license, upon the highways in this state in violation of section 169.121 while the driver's license or driver's privilege is cancelled, suspended or re- voked (1) because of the operation of a motor vehicle while the person was under the influence of alcohol or a narcotic drug; or while the person's blood had an alcohol content above a prescribed level * * * is guilty of a gross misdemeanor."

days), and said period of time has elapsed, but no license or privilege has been applied for or issued?" (Italics supplied.) The italicized phrase would have been more accurately stated, however, were it to read "*when he is ineligible to apply for a new driver's license or privilege,*" and for purposes of this opinion it will be so considered. The certified question is answered in the affirmative, and the order to dismiss in the six other cases is reversed.

■ As a preliminary matter, we note that the six appeals are properly before us under Rule 29.03, subd. 1, Rules of Criminal Procedure, which authorizes the prosecuting attorney to appeal to this court—

"1. in any felony or gross misdemeanor case, as of right, from any pretrial order of the district court, * * *

　　*　　*　　*　　*　　*　　*

except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense * * *."

The certified question is properly before us under Rule 29.02, subd. 4, Rules of Criminal Procedure, which provides in part:

"If, upon the trial of any person convicted in any district court, or if, upon any motion to dismiss a complaint or indictment, or upon any motion relating to the indictment or complaint, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require a decision of the Supreme Court, he shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present the question of law, and certify the report to the Supreme Court, whereupon all proceedings in the case shall be stayed until the decision of the Supreme Court."

2. As a matter of policy, it is probably preferable for the trial court to rule on the question. In this case, we do have the benefit of the reasoning of the other trial court in its order to dismiss.

3. As an alternative basis upon which to affirm the trial court's order, Dennis C. Swanson argues that he never received a revocation notice

■ Although the trial court failed to rule on the question before certifying it to us, we have recently held that review upon certification in a criminal case is proper notwithstanding the trial court's failure to pass on the question.[2] *State v. Reps*, 302 Minn. 38, 223 N.W.2d 780 (1974). The question is properly certified under the criteria which we discussed in *Thompson v. State*, 284 Minn. 274, 170 N.W.2d 101 (1969): It does not present a hypothetical question or request an advisory opinion but will have an immediate effect on the prosecution which has been stayed pending our determination; it does not require us to assume a set of facts not on the record; it was distinctly and clearly presented on the basis of a record sufficiently developed so that the question is relevant and presents a substantive issue.

Only three defendants filed briefs on appeal. Defendant Larry William Thorson argues that at the time of his arrest, his license or privilege to drive was no longer under revocation within the meaning of § 171.245. He construes the word "revoked" in that statute to refer only to that period of time specified in the notice of revocation during which no new license may be issued to him. Defendant Scott G. Davis, joined by defendant Dennis C. Swanson,[3] contends not that his license was not revoked at the time he was arrested, but that it was

"* * * no longer revoked *because of* the driving under the influence conviction within the meaning of the Aggravated Violations Law. After the termination of the time period stated in the [notice] during which he was ineligible to get his license reinstated, the revocation continued solely because he failed to complete all the steps required to get his license reinstated."

and that the statutory provisions for mailing notice of revocation fail to comply with due process. No evidence was adduced at the trial court level on either of these issues and no ruling made by the trial court. Swanson will be entitled to a hearing and a ruling on the issues on remand.

In the memorandum in support of its order to dismiss, the trial court stated:

"In each of the cases at bar Defendant's driver's license had been revoked by Department of Public Safety for a fixed period of time, 30 or 60 days, and although that fixed period of time had elapsed at the time of arrest, none of the defendants had obtained a valid license as allowed by statute.

"The narrow legal issue thus presented is whether, for the purposes of the new Aggravated Violations Law, revocation under Minn.Stat. §§ 169.121, .123, or 171.-17 for a definite period of time shall be deemed to continue at the end of that fixed period until a valid license is obtained. * * *

"There is no doubt that the statute is not perfectly clear on this question."

This reasoning begs the question by describing the revocation as "for a fixed period of time" equal to the period specified in the revocation notices during which one is ineligible for a new license. The question before us is precisely for what period of time is a license or privilege to drive revoked, within the meaning of the statute, because of the operation of a motor vehicle while under the influence of alcohol.

■ The revocation notices do not simply state "license revoked for 30 [or 60 or 90] days." After declaring that "Your Minnesota Driver License or privilege to operate a Motor Vehicle is hereby REVOKED ☒," the notice specifies the reason for the revocation and states several "requirements" which are prerequisites to the issuance of a new license. The expiration of a specified number of days after surrender of the license is only one of the possible requirements. Other requirements include passing a complete driver license test; payment of a fee of $2.50 for each examination; com-

pletion of a driver improvement clinic. We hold that when a license or privilege is revoked because of driving under the influence, it continues to be revoked within the meaning of § 171.245 until a new license is issued.[4]

The certified question is answered in the affirmative and the case remanded; the order to dismiss the other six cases is reversed.

---

4. Resort to decisions of other states construing their own similar statutes is usually of minimal assistance. We do note that two other states have reached the same result: *People v. Lopez*, 143 Colo. 523, 525, 354 P.2d 491, 492 (1960) ("[U]ntil a new license has been granted one that has been previously revoked continues re-voked") and *City and County of Denver v. Palmer*, 140 Colo. 27, 29, 342 P.2d 687, 688 (1959); *State v. Brude*, 222 N.W.2d 296, 298 (N.D.1974) (a statute arguably more favorable to the defendant, but nevertheless construed adversely to him).