**Austin J. FINK, Appellant,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 80353.**

Court of Appeals of Oklahoma, Division No. 3.

Dec. 8, 1992.

Rehearing Denied Jan. 19, 1993.

Certiorari Denied April 14, 1993.

Don R. Fisher, Oklahoma City, for appellant.

Lisa K. McLaughlin, Oklahoma Dept. of Public Safety, Oklahoma City, for appellee.

## OPINION

HUNTER, Judge:

The facts in this case are undisputed. Between 1982 and 1987, Appellant had a terrible driving record. On March 22, 1983, Appellant's drivers license was suspended for six months because of driving under the influence of alcohol. After the six month period of suspension, Appellant would be eligible for license reinstatement, but with the precondition of a hearing. Appellant next received a 12 month suspension of his license effective October 13, 1983 with eligibility for license reinstatement conditioned on paying a $35.00 reinstatement fee, clearing financial responsibility suspension and appearing for a hearing. Because the Department of Public Safety (DPS) had classified Appellant as an excessive user of alcohol, Appellant could not request a hearing for reinstatement until he had abstained from the use of alcohol for 12 months. DPS revoked Appellant's license effective June 15, 1987 for a period of 24 months before eligibility for reinstatement accrued, with other conditions precedent to reinstatement being the payment of a $150.00 reinstatement fee and a hearing which could not be requested until Appellant could show 12 months abstention from alcohol. This revocation was based on yet another conviction for DUI. Also effective June 15, 1987 was Appellant's 36 month license revocation for his conviction of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor.

At trial, the only issue was what amount of reinstatement fee did Appellant have to submit for his license reinstatement. After his 1987 license revocation, Appellant testified that he entered a 12 step program, Alcoholics Anonymous, and had been sober for five years. From 1982 until the time of trial, Appellant had only one time applied for reinstatement of his license. Appellant's first and only application was in 1992.

Appellant's position is that his reinstatement fee should be confined to the statutory rate of $150.00 for the revocation based on alcohol-related offenses. DPS claims Appellant's reinstatement fee should be $1,250.00, based on: 1982 chemical test refusal, $25.00 reinstatement fee; DUI arrest, October 16, 1982 suspension, $25.00 reinstatement fee; suspension for November, 1982 arrest, $35.00 reinstatement fee; chemical test failure, April 11, 1984, $80.00 reinstatement fee; chemical test refusal, March 13, 1985, $100.00 reinstatement fee;

no insurance suspension, October 30, 1985, $35.00 reinstatement fee; chemical test failure, January 11, 1986 arrest, $100.00 reinstatement fee; DUI revocation for January 11, 1986 arrest, $150.00 reinstatement fee; refusal to submit to chemical test from April 19, 1987 arrest, $150.00 reinstatement fee; revocation order from April 19, 1987 conviction for DUI, $150.00 reinstatement fee; refusal to submit to chemical test, arrest, April 27, 1987, $150.00 reinstatement fee and no insurance, April 27, 1987 arrest, $100.00 reinstatement fee.

We find the court erred in applying the law to these facts. We reverse the court's order and remand the matter to the court to enter an order consistent with this opinion.

### Standard of Review

Because the issue on review, how to interpret a statute, is one of law, we will examine the trial court's ruling independently and without deference to the trial court's ruling. *Salve Regina College v. Russell*, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

### Issue

Appellant urges that, because his license has never been restored, the statute only requires a single fee. Appellee does not present substantiated argument to refute Appellant's position. Both ask us to just apply the statute, because it is not ambiguous and does not require construction. *Jenkins v. Frederick*, 208 Okl. 583, 257 P.2d 1058 (1953). We agree the statute is not ambiguous. When it is correctly applied to these facts, however, a different result obtains.

47 O.S.1991 § 6-212.1, the statute in question, states:

A. Whenever a driver's license or a person's privilege to operate a motor vehicle is suspended or revoked pursuant to the provisions of Section 7-506 or 7-605 of this title, the license or privilege to operate a motor vehicle shall remain under suspension or revocation and shall not be reinstated until:

1. The expiration of the revocation or suspension order; and
2. The person has paid a reinstatement fee of One Hundred Dollars ($100.00) to the Department.

B. Whenever a driver's license or a person's privilege to operate a motor vehicle is suspended or revoked pursuant to the provisions of Section 6-205, 6-205.1, 753 or 754 of this title, the license or privilege to operate a motor vehicle shall remain under suspension or revocation and shall not be reinstated until:

1. The expiration of the revocation or suspension order; and
2. The person has paid a reinstatement fee of One Hundred Fifty Dollars ($150.00) to the Department.

Provided, any person whose driver's license or privilege to operate a motor vehicle is suspended or revoked pursuant to Section 6-205 of this title shall not be required to pay such reinstatement fee until such conviction becomes final.

Clearly Appellant was unable to meet the condition precedent to a hearing before 1988. The record shows he did not have long enough periods of sobriety. On the other hand, during that time period, he never applied for reinstatement. In Appellant's case, revocation or suspension did not terminate upon the passage of time. For reinstatement to driving privileges, Appellant not only had to pay a fee, he also had to prove, through a DPS hearing, a period of sobriety.

Just as clearly, Appellant was driving the public roads while his license was either suspended or revoked. 47 O.S.1991 § 6-303 declares driving on public roads while the privilege is canceled, denied, suspended or revoked, a misdemeanor. A person convicted of that offense is punished by a fine of not less than $100.00 and not more than $500.00 or by imprisonment of not more than one year, or both. This statute also provides that when DPS is notified of the conviction, it will extend the period of disqualification for 3 months.

■ We agree with the majority of states which have decided this question and hold that a suspended or revoked driver's

license remains suspended or revoked until it is restored according to the statutory scheme or lawful precedents established by agency policy. A suspended or revoked driver's license cannot be restored simply by the passage of time. *People v. Lopez*, 143 Colo. 523, 354 P.2d 491 (1960); *People v. Lessar*, 629 P.2d 577 (Colo.1981).

■ DPS incorrectly continued to suspend and revoke Appellant's license because the license, after the first revocation, had never been restored. The prosecuting authorities could have charged Appellant with misdemeanor driving while under suspension/revocation and exacted punishment upon conviction. We cannot say that upon proof of the subsequent violations that DPS would be unable to amend the conditions precedent to reinstatement. For instance, the reinstatement fee went up during the decade. The fee in effect at the time of application should be the one required. Furthermore, the period of proof of sobriety, from 6 months to 12 months, based on notice of subsequent convictions, if Appellant were put on notice of those amendments, could pass muster if DPS had published policy to that effect. What we cannot accept, however, is DPS adding up and charging fees for reinstatements for which Appellant never applied.

We therefore reverse the judgment of the trial court. It misapplied the law when it modified the reinstatement fee from $150.00 for reinstatement from the revocation based on alcohol-related offenses to $1,115.00. It further misapplied the law when it modified the reinstatement fee for the "no insurance" revocation from $100.00 to $135.00. Adding in the prior reinstatement fees from previous episodes when Appellant had not applied for reinstatement is erroneous as a matter of law. Allowing the collection of those fees at a later date renders the purpose of a hearing for those offenses without meaning.

The matter is remanded to the court to enter an order setting the reinstatement fee at the correct statutory rate, that is, $150.00.

REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, V.C.J., and BAILEY, P.J., concur.