2006 OK CIV APP 59

**MAYS PLUS, INC., and American Home Assurance Company, Petitioner,**

**v.**

**Anna ENNIS, and The Workers' Compensation Court, Respondents.**

No. 102,642.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 3, 2006.

Certiorari Denied April 24, 2006.

Michael W. McGivern, Kelly M. Greenough, Tulsa, OK, for Petitioners.

Mark E. Litton, Oklahoma City, OK, for Respondents.

Opinion by CAROL M. HANSEN, Judge:

¶ 1 Petitioners, Mays Plus, Inc. and American Home Assurance Company (collectively Employer), seek review of a Workers' Compensation Court (WCC) order which, *inter alia*, found Respondent, Anna Ennis (Claimant) was in need of continuing medical maintenance. We hold there was no error of law in a three-judge panel allowing relief requested in a supplemental appeal filed more than ten days after the trial court's order. Because the order is supported by competent evidence, we sustain.

¶ 2 Employer admitted Claimant sustained a compensable injury and provided temporary total disability benefits. The matter was tried in the WCC in November 2004. The issues tried were permanent partial disability, continuing medical maintenance, vocational evaluation, and reimbursement of lodging expenses incurred while receiving medical treatment. As parts of the order filed March 21, 2005, the trial court, as relevant here, awarded lodging reimbursement

of $76.23 and denied Claimant's request for continuing medical maintenance.

¶ 3 Claimant filed her *Appeal to the Court En Banc* on March 31, 2005. Claimant appealed only paragraph five of the trial court's order because it "did not address all the issues or consider all of the evidence pertaining to Claimant's request for reimbursement of expenses including lodging, mileage, and/or prescriptions." On June 10, 2005, before Claimant's appeal was heard by the three-judge panel, she filed a *Supplemental Appeal to the Court En Banc*. In this "supplemental" appeal, Claimant asserted the trial court erred in not approving her request for medical maintenance when Employer did not object to the request and it was supported by expert medical evidence.

¶ 4 The three-judge panel unanimously modified the trial court's order to allow continuing medical maintenance, but affirmed the order in all other respects. Employer now seeks our review of that order. Employer sets forth its contentions with regard to alleged WCC error in three appellate propositions, but they are all premised upon Employer's assertion that Claimant failed to preserve the continuing medical maintenance issue for appeal.

¶ 5 Employer argues Claimant's "supplemental" appeal to the three-judge panel was a "nullity" because it was not filed within ten days of the date the trial court's order was filed, as required by 85 O.S.2001 § 3.6(A). Section 3.6(A) provides, in pertinent part:

Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days, have the right to take an appeal from the order, decision or award of the Judge [hearing the cause] to the [WCC] sitting en banc.

¶ 6 Employer further argues the trial court's denial of continuing medical maintenance was a "decision" within the meaning of § 3.6(A), thus requiring Claimant to have included that issue in her appeal within ten days of filing of the trial court's order. Our consideration of that argument, and the absence of an express provision regarding "supplemental" appeals, requires interpretation of § 3.6(A) to determine what

must be done within the ten day statutory period to preserve issues for appeal. Interpretation and application of statutes presents a question of law, which is before us for *de novo* review. *City of Durant, In re.,* 2002 OK 52, 50 P.3d 218. We will examine the WCC's ruling independently with no deference given to that ruling. *Fink v. State ex rel. Department of Public Safety,* 1992 OK CIV APP 169, 852 P.2d 774.

¶ 7 In construing statutes, relevant provisions must be considered together. *Independent Finance Institute v. Clark,* 1999 OK 43, 990 P.2d 845. The particular provision before us, as set forth in paragraph five above, has not been interpreted by our appellate courts with a view to how the ten day limit should be applied. However, the Oklahoma Supreme Court has considered provisions in § 3.6 which are substantially the same in relation to review by the Supreme Court.

¶ 8 Another provision in § 3.6 states:

The order, decision or award of a judge of the [WCC] shall be final and conclusive upon all questions within his jurisdiction between the parties unless appealed directly to the Supreme Court or to the [WCC] sitting en banc as hereinbefore provided. Any party litigant desiring to appeal directly from such order, decision or award to the Supreme Court, shall, within twenty (20) days after a copy of the order, decision or award has been sent by the Administrator to the parties affected, commence an action in the Supreme Court of the state to review such order, decision or award.

¶ 9 While the wording is not identical, the provisions allowing appeal to either the Oklahoma Supreme Court, or the WCC *en banc,* require the same act, *i.e.* commencement of an appeal within a statutory period. For appeal *en banc,* § 3.6 requires "filing with the Administrator a notice of appeal." For appeal to the Supreme Court, the section requires "filing with the Clerk of the Supreme Court a certified copy of the order, decision or award of the [WCC] ... attached to the petition ... wherein the complainant or petitioner shall make his assignments or specifications as to wherein said order, decision or award is erroneous or illegal."

¶ 10 Rule 1.103, Supreme Court Rules, 12 O.S.2001 Chap. 15, App., implementing § 3.6, provides that "[a] petition for review shall be deemed amended to include errors set forth in the propositions in the Brief–in–Chief provided that the errors or issues were presented to the [WCC]." Thus, considering statutory language which is effectively the same as that in controversy here, the Supreme Court determined the parties were not bound by the issues initially raised in the pleading initiating the appeal.

¶ 11 In allowing appeals to be amended, the Supreme Court did not distinguish between *order, decision* or *award.* It appears the Court, as do we, considered those collective terms, that is, all the determinations, whether one or several, handed down by the WCC at the same time pertaining to the same case. Some confusion is created by common usage, whereby we speak of an "award" being made in a WCC "order." In fact, "order" was not included in the provision before us as originally enacted. At that time an original action in the Supreme Court was allowed to review an "award or decision" of the Industrial Commission, predecessor to the WCC. Laws 1915, c. 246, § 13. Statutory nomenclature has evolved, but we find no indication the Legislature intends, under present practice, to require more than timely notice an appeal is to be taken from an "order" in which various "awards" or "decisions" may be included.

¶ 12 In an earlier case, *Transwestern Oil Co. v. Partain,* 1940 OK 371, 188 Okla. 97, 106 P.2d 263, the Supreme Court noted one of the purposes of the predecessor statute to § 3.6(A) was:

... to make available to parties whose rights are subject to determination by the Commission a hearing before the Commission en banc by the simple method of *giving notice of appeal within the time therein described.* (Emphasis added).

¶ 13 Although the Supreme Court's rule regulating petitions for review before it is not considered mandatory precedent under the circumstances in the present case, its interpretation of § 3.6 to allow amendment of the petition for review is strongly persuasive.

"Statutes giving right to appeal are to be liberally construed." *Partain*, 106 P.2d at 265. We hold an appeal to the WCC *en banc* can be amended to include any matter decided by the trial court in the same "order" from which the party has initially timely appealed, but prior to any panel hearing. The three-judge panel has jurisdiction over the issues raised in such an amendment.

¶ 14 Although it has not expressly done so, the WCC can impose by rule whatever procedural limitations it deems necessary to properly manage the intra-court appeal process so that parties are not prejudiced by such amendments. Our holding here is not inconsistent with the present WCC rules regarding *en banc* appeals, particularly Rule 31. The purposes of that rule are to require timely notice of appeal and to ensure parties inform the three-judge panel of the specifics of their appeal. Amendments to a timely filed Request for Review will not impede either purpose.

¶ 15 The three-judge panel had jurisdiction over the continuing medical maintenance question raised in Claimant's supplemental appeal. The question is then whether there was competent evidence to support the panel's determination to direct Employer to provide the continuing medical maintenance in the nature of prescription medications and follow-up visits with Dr. Noel Emerson.

¶ 16 "The need for medical treatment, and the extent of that treatment, must, as a matter of necessity, be based on medical expert evidence." *Baxter v. Montgomery Exterminating*, 1998 OK CIV APP 75, 962 P.2d 666. We find there is the necessary competent evidence. Employer's own appellate brief states—"Claimant's medical expert, Dr. Russell Allen, opined '. . . in view of the severity and multiplicity of her injuries, Ms. Ennis will need continuing periodic medical evaluation to determine the need for any additional medical or surgical care or prescription medications.'" Additionally, Claimant produced a May 12, 2004, medical report from Dr. Yates, who had treated Claimant. Dr. Yates opined Claimant "needs ongoing medical maintenance." Employer did not object to the medical evidence of either Dr. Allen or Dr. Yates. There is also lay evidence to support the WCC's finding. Claimant testified she had been seeing her local physician, Dr. Emerson every two months and that she would be in uncontrollable excruciating pain without the medication.

¶ 17 Further, at trial, Employer admitted the need for certain medications and did not "have a problem" "if she's going to be referred to her local doctor." Employer asked "that the order be specific in what form the medical maintenance is to have and that also we have an opportunity to request review of that after a certain period of time." With exception of specificity of medications, the order modification of the three-judge panel is consistent with Employer's at trial agreement. Although there is conflicting expert medical evidence regarding the need for medication, the weight and probative value of medical evidence is for the determination of the Workers' Compensation Court, which may accept or reject such evidence in whole or in part. *Burns v. Yuba Heat Transfer Corp.*, 1980 OK CIV APP 37, 615 P.2d 1029.

¶ 18 We hold the three-judge panel did not err as a matter of law in modifying the trial court's order to direct continuing medical maintenance as requested in Claimant's supplemental appeal. We find that modification is supported by competent evidence. Accordingly, the WCC's order is SUSTAINED.

BELL, P.J., and JOPLIN, J., concur.