2014 OK CIV APP 14

**RENFRO ELECTRIC and National American Insurance Company, Petitioners,**

v.

**Scott SEXTON and The Workers' Compensation Court, Respondents.**

No. 111711.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 10, 2014.

D. Wade Christensen, Christensen & Associates, P.L.L.C., Oklahoma City, Oklahoma, for Petitioners.

Joe B. Lucas, Oklahoma City, Oklahoma, and R. Jay McAtee, Tulsa, Oklahoma, for Respondent.

LARRY JOPLIN, Presiding Judge.

¶ 1 Petitioners Renfro Electric and National American Insurance Company (collectively, Employer) seek review of an order of a three-judge panel affirming the trial court's award of benefits to Respondent Scott Sexton (Claimant). In this review proceeding, Employer challenges the award as contrary to the express terms of 85 O.S. § 312(1), and contrary to the clear weight of the evidence.

¶ 2 Claimant worked for Employer and served as a Field Superintendent or Lead Journeyman on a crew of other employees. On the date in question, the crew under Claimant's supervision worked on the roof of a two story structure, and the crew had ascended using ladders. Instead of using the ladders in place to reach the second story roof, Claimant directed that he be lifted to the second story roof by means of a materials lift, akin to a fork lift, known as a "sky trac." As he stepped from the lift to the roof, his foot slipped, Claimant fell, and sustained significant injury. Claimant admitted that the lift was not intended to lift workers, that he knew such a use was dangerous, contrary to safety rules and Employer's instructions, but averred that, because the ladders were not rated to bear his 350–pound weight, the lift was more appropriate.

¶ 3 Employer denied liability for the claim. Employer asserted Claimant's injury was occasioned by Claimant's intentional disregard of the known dangers, safety rules and specific instructions prohibiting use of the lift by workers, and constituted an "injury occasioned by the willful intention of the injured employee to bring about injury to himself," barred by the express provisions of 85 O.S. § 312(1).

¶ 4 On consideration of the testimony of Claimant and other witnesses, the trial court held that, although Claimant "used bad judgment, ignored instructions from his employer thereby causing injury to himself ... [,] there is not evidence [C]laimant intended to harm himself." The trial court thus held that "his injury did arise out of and in the course of his employment," and allowed benefits for temporary total disability. Employer appealed, and a unanimous three-judge panel affirmed the trial court's order as neither contrary to law, nor contrary to the clear weight of the evidence.

¶ 5 Employer now seeks review in this Court. Employer again argues that Claimant's injury, occasioned by his admitted disregard of the known dangers, the safety rules and Employer's specific instructions proscribing use of the lift for workers, constitutes "an injury occasioned by the willful intention of the injured employee to bring about injury to himself," and as such, the claim was barred by the express provisions of § 312(1).

¶ 6 The law in effect at the time of the injury controls both the award of benefits and appellate review. *Williams Companies, Inc. v. Dunkelgod,* 2012 OK 96, ¶¶ 14, 18, 295 P.3d 1107, 1111, 1113. On review of the lower court's interpretation and application of the law in effect at the time of the injury, we examine the lower court's legal rulings *de novo,* without deference to the lower court's determination. *See, e.g., Mays Plus, Inc. v. Ennis,* 2006 OK CIV APP 59, ¶ 6, 135 P.3d 839, 841. (Citation omitted.) On issues of fact, we apply the standard of review in effect at the time of the injury, and the law in effect at the time of Claimant's injury dictates that we affirm the decision of the Workers' Compensation Court unless against the clear weight of the evidence. *Dunkelgod,* 2012 OK 96, ¶ 18, 295 P.3d at 1113; 85 O.S. Supp.2011 § 340(D).

¶ 7 Since at least 1915, Oklahoma workers' compensation law has absolved an employer from liability for an injury to an employee "where the injury is occasioned by the wilful intention of the injured employee to bring

about injury of himself or of another, or where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use ..., or results directly from the intoxication of the injured employee while on duty." Laws 1915, c. 246, art. 2, sec. 1. Oklahoma workers' compensation law has ever since consistently so held. *See*, e.g., 85 O.S.1981 § 11; 85 O.S.2011 § 312(1).

¶ 8 Nevertheless, we find few "willful self-injury" cases. Under the willful failure to use a guard provision, the Oklahoma Supreme Court early recognized many different meanings of the word, "willful," but noted at least one meaning of "[t]he word 'willful' as applied to the conduct of the injured person signifies moral blame, and if there is no moral blame, the case would not come within the scope of the statutory exception." *Wick v. Gunn*, 1917 OK 607, ¶ 9, 66 Okla. 316, 169 P. 1087, 1089. (Citations omitted.) The Supreme Court also recognized there was no bright-line rule to follow: " 'It is not the province of the court to lay down that the breach of a rule is prima facie evidence of serious and willful misconduct.' " *Wick*, 1917 OK 607, ¶ 11, 169 P. at 1089. (Citation omitted.)

¶ 9 Consistent with this approach, the Supreme Court later held that "[t]he willful failure contemplated carries with it the idea of premeditation, obstinacy, and intentional wrongdoing," but the "mere voluntary and intentional failure of a workman to use [a] safety appliance does not necessarily render the omission willful." *Gregory v. Oklahoma Operating Co.*, 1929 OK 477, ¶ 0(2), 139 Okla. 243, 282 P. 139. Indeed, "the fact that an employee violates the instructions of the employer with reference to the manner of performing the work does not justify denying the employee compensation where the instructions were given for the safety of the employee." *Oklahoma Ry. Co. v. Cannon*, 1946 OK 354, ¶ 9, 198 Okla. 65, 176 P.2d 482, 484. (Citation omitted.) And, even if the injury results from the employee's negligent or dangerous failure to follow specific safety rules, regulations or procedures, where the uncontroverted testimony shows the claimant had no intention of injuring himself, the claim is properly allowed:

> In the matter before us, there is no conflict in the evidence. Certainly the claimant intended to insert his arm into the access door without locking and tagging out the nearby valve. He did so with no intention whatsoever of coming into contact with the valve. The claimant's disregard for his own safety was negligent, as well as dangerous. It was not, however, willful as the Oklahoma Supreme Court has defined the term in the context of the Workers' Compensation Act.... "Contributory negligence and willful failure to use a safety appliance must not be confused. The mere voluntary failure to use the same would constitute contributory negligence and to hold that such failure in itself barred relief would, in effect, preserve a defense abrogated by the act." *Wick*, [1917 OK 607, ¶ 19], 169 P. at 1090.

*Ashley v. Monsanto*, 2000 OK CIV APP 43, ¶ 12, 4 P.3d 48, 51.

¶ 10 The question of the occurrence of a "willful" injury constitutes one of fact. *Ashley*, 2000 OK CIV APP 43, ¶ 11, 4 P.3d at 50; *Wick*, 1917 OK 607, ¶¶ 0(4), 18, 169 P. at 1087, 1088. As we have previously noted, a determination of fact by the Workers' Compensation Court must stand unless against the clear weight of the evidence.

¶ 11 In the present case, the Claimant admitted that the lift was not intended to lift workers, and that he knew such a use was dangerous, contrary to safety rules and Employer's instructions. However, while the Claimant's disregard for his own safety may have been "negligent, as well as dangerous," there is absolutely no evidence Claimant, in using the lift to reach the second story of the building, "willfully" intended to injure himself as that term has been defined. *Ashley*, 2000 OK CIV APP 43, ¶ 12, 4 P.3d at 51.

¶ 12 We therefore hold the order of the Workers' Compensation Court is neither contrary to the express terms of § 312(1), nor contrary to the clear weight of the evidence.

The order of the three-judge panel is therefore SUSTAINED.

HETHERINGTON, V.C.J., and BUETTNER, J., concur.