**Joseph ZUCCHINI, Plaintiff–Appellee,**

v.

**The COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

**No. 80CA0238.**

Colorado Court of Appeals, Div. I.

Aug. 21, 1980.

Rehearing Denied Sept. 18, 1980.

Certiorari Granted Dec. 8, 1980.

---

Lamm & Schader, William P. Goldstein, Boulder, for plaintiff–appellee.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Richard H. Forman, Asst. Attys. Gen., Denver, for defendant–appellant.

COYTE, Judge.

Defendant appeals the judgment of the district court reversing the Motor Vehicle Division hearing officer's decision to extend the suspension of plaintiff's driver's license. We affirm.

On November 3, 1977, pursuant to § 42–2–123, C.R.S.1973, plaintiff's driving privileges were suspended because of his accumulation of points for traffic offenses.

Thereafter, plaintiff moved to Missouri and obtained a valid Missouri driver's license. On April 5, 1979, plaintiff, present in Colorado for a training program, received a ticket for speeding to which he later entered a plea of guilty.

After a hearing before the Motor Vehicle Division, the hearing officer found that plaintiff had been eligible to have his driver's license reinstated on or after November 2, 1978, but that he had not applied for reinstatement of his license, and that, therefore, plaintiff's suspension was still in effect on April 5, 1979. Thus, because plaintiff was convicted of speeding while under suspension, the hearing officer extended the period of suspension for an additional one year. Section 42–2–130(3), C.R.S. 1973.

The district court found that although plaintiff had not been reissued a Colorado driver's license at the time of his conviction, he was no longer under "suspension", and therefore, "the violation committed by the plaintiff . . . would not support an extension of suspension pursuant to C.R.S.1973, § 42–2–130(3)." We agree.

As pertains to this appeal, § 42–2–124, C.R.S.1973 (1979 Cum.Supp.) provides that the period of suspension will not exceed one year except for noncompliance with § 42–2–124(3) or § 42–7–406, C.R.S.1973. Section 42–2–124(3), C.R.S.1973 (1979 Cum.Supp.) provides:

"Any person whose license or other privilege to operate a motor vehicle in the state has been suspended . . . shall pay a restoration fee . . . prior to the issuance to such person of a new license or the restoration of such license or privilege."

And, § 42–7–406(2), C.R.S.1973, provides:

"Whenever the director suspends the license . . . the director *at the termination of such person's period of suspension* [shall not] reinstate, reissue, renew, or issue a new license to such person unless such person furnishes the director a statement in writing under oath evidencing that he is then insured. . . ." (emphasis added)

Although § 42–2–124(3), C.R.S.1973 (1979 Cum.Supp.), does not differentiate between

the termination of the period of suspension and the restoration of the license or privilege, this court has recognized the distinction. In *Edwards v. State Department of Revenue*, 42 Colo.App. 52, 592 P.2d 1345 (1979), the court stated:

"[A]lthough the statute also requires that a restoration fee be paid before a license is reinstated, [§ 42–4–123(3), C.R. S.1973], this does not mean that for all purposes, the 'period of suspension' continues until the fee is paid."

Moreover, by the terms of § 42–7–406(2), C.R.S.1973, the General Assembly has explicitly recognized the difference between termination of suspension and the reinstatement of a license.

Therefore, we conclude that the period of suspension automatically terminates at the end of the period designated, notwithstanding that the driver will not be reissued a license until a restoration fee has been paid and evidence of insurance has been submitted to the state director.

Judgment affirmed.

PIERCE and RULAND, JJ., concur.