The COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Petitioner,

v.

Leland Ray SMITH, II, Respondent.

The COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Petitioner,

v.

Joseph ZUCCHINI, Respondent.

No. 80SC321.

Supreme Court of Colorado, En Banc.

Feb. 16, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Terre Lee Rushton, Richard H. Forman, Asst. Attys. Gen., Denver, for petitioner.

Kourlis, Thornberry & Young, Rebecca Love Kourlis, Craig, Lamm & Schader, Martin Pankove, William P. Goldstein, Boulder, for respondent.

HODGES, Chief Justice.

We granted certiorari to review the court of appeals' decisions in *Zucchini v. Colorado Department of Revenue*, Colo.App., 620 P.2d 247 (1980), and *Smith v. Colorado Department of Revenue*, (Ct.App.No. 80CA0309, announced October 9, 1980, not selected for official publication). These cases have been consolidated as they both pose the same question regarding reinstatement of driving privileges after a suspension of a Colorado driver's license. We reverse the judgments of the court of appeals in both cases.

While residing in this state, both respondents, Zucchini and Smith, had their Colorado driver's licenses suspended under section 42–2–123, C.R.S. 1973, due to an excessive accumulation of points for traffic offenses. Thereafter, both respondents apparently established residency in another state and each obtained a driver's license from the new state of residence.[1] After their suspension periods had ended, each respondent received a traffic citation while driving in Colorado under his out-of-state driver's license. Concluding that each respondent was driving in Colorado while his privilege was under suspension, the Colorado Motor Vehicle Division (Division) extended both suspension periods an additional year pursuant to section 42–2–103(3), C.R.S. 1973. Both respondents subsequently appeared before a Division hearing officer, who concluded in each case that the respondent had been driving while his privilege was suspended and thus upheld the additional one-year suspension. Although acknowledging that the suspension time period had expired, the hearing officer held that the driving privileges had not been restored because each respondent had failed to comply with the statutory reinstatement requirements. Each ruling was separately challenged in district courts.

The district court reversed respondent Zucchini's one-year suspension extension while the district court in respondent Smith's case upheld the extension. Both decisions were appealed. The court of appeals held in both cases that when the citations were issued the suspension period for each of the respondents had already expired, and therefore neither respondent was driving while under suspension. The court of appeals ordered that respondent Smith's one-year extension be vacated, while affirming the decision in respondent Zucchini's case.

■ It is clear in circumstances such as these that under Colorado law, once a person's license or privilege to operate a motor vehicle has been suspended, that person *must* pay a restoration fee before the license or privilege will be restored as required by section 42–2–124(3), C.R.S.1973 which states:

---

[1] While the record is unclear whether the respondents had in fact changed their residence to another state, this question is not before us as the respondents were not charged for failure to comply with section 42–2–102, C.R.S. 1973.

"(3) Any person whose license or other privilege to operate a motor vehicle in this state has been suspended, cancelled, or revoked, pursuant to either this article or article 4 or 7 of this title, shall pay a restoration fee of twenty dollars to the executive director of the department prior to the issuance to such person of a new license or the restoration of such license or privilege."

Although the suspension of a driver's license or privilege is normally not to exceed one year as set forth in section 42–2–124(1), C.R.S. 1973, subsection (3) of the same statute makes it clear that suspension will continue indefinitely unless the required restoration fee is paid.

In *People v. Lessar*, Colo., 629 P.2d 577 (1981), we addressed the same issue presented here in the context of a revocation or denial of a driver's license, and held at 629 P.2d at 580 that:

"In both instances the right to licensing does not automatically spring to life at the end of the period of ineligibility, as if the order never had been entered. . . . Rather, the completion of the term of revocation or denial merely makes the driver eligible to apply for a new license. The issuance of a new license is expressly conditioned upon compliance with the terms of the denial order. Until the driver complies with those terms and obtains a new license, his driving status as 're-voked' or 'denied' continues." (Citations omitted).

Although the facts in *Lessar* are somewhat different than those present here, we find that the same principle applies with equal force. Upon suspension, a person's right to Colorado driving privileges or a driver's license "does not automatically spring to life at the end of the period of ineligibility."

Statutory language clearly indicates that the General Assembly intended for residents and nonresidents alike to be subject to the same requirements for reacquiring driving privileges in this state after suspension. *See* sections 42–2–120, 42–2–124(3), 42–2–126, and 42–2–130(1)(a), C.R.S. 1973. However, it is equally clear that the General Assembly intended for a distinction to be drawn between driving privileges and a driver's license. *See* sections 42–2–120, 42–2–124, 42–2–126, 42–2–130(1)(a), and 42–2–130(3), C.R.S. 1973. From this it is obvious that the General Assembly in enacting these statutes intended that while a nonresident holding a valid out-of-state driver's license need not reinstate his Colorado driver's license to comply with reinstatement requirements following a suspension,[2] he is obligated to pay the required restoration fee before his privilege to drive in this state is reinstated.

Accordingly, we hold that the court of appeals erred in deciding that the questioned suspensions terminated upon the expiration of the suspension period. Rather, the statutory scheme is to require that a nonresident with a valid driver's license issued by his state of residence, whose Colorado driver's license or privilege to drive has been suspended, is not extended a privilege to drive in Colorado until the period of suspension has expired and the restoration fee has been paid.

The judgments of the court of appeals in both cases are reversed.

2. Thus, the proscription in section 42–7–406(2), C.R.S. 1973 would not apply. It states:

(2) Whenever the director suspends the license of any person under section 42–2–123, the director shall not issue a probationary license to such person, nor shall the director at the termination of such person's period of suspension reinstate, reissue, renew, or issue a new license to such person unless such person furnishes the director a statement in writing under oath evidencing that he is then insured under an automobile liability policy or bond or unless such person has deposited or deposits money or securities as provided in section 42–7–418.