John M. CONWAY, Plaintiff-Appellee,

v.

COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellant.

No. 81CA1010.

Colorado Court of Appeals, Div. III.

May 6, 1982.

Rehearing Denied July 15, 1982.

Certiorari Denied Nov. 8, 1982.

Gordon W. Williams, Lakewood, for plaintiff-appellee.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, James R. Willis, Sp. Asst. Attys. Gen., Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, the Colorado Department of Revenue, Motor Vehicle Division (the Department), appeals the trial court's judgment reversing the Department's decision to extend the suspension period of the license of plaintiff, John M. Conway, to operate a motor vehicle, pursuant to § 42–2–130(3), C.R.S. 1973. We reverse and remand for further proceedings.

On July 24, 1978, Conway's Colorado driver's license was suspended by the Department. On August 31, 1980, Conway was arrested for driving a motor vehicle while under the influence of intoxicating liquor and for driving while under suspension. At that time he held a valid Texas driver's license, but had not renewed his Colorado license.

In February 1981, Conway entered a guilty plea to the offense of driving while ability impaired. On May 19, 1981, the Department conducted a hearing and extended Conway's suspension to February 24, 1982. Although the record at the hearing did not indicate the length of the suspension imposed by the Department in 1978, it is undisputed that Conway has not paid the restoration fee required by § 42–2–124(3), C.R.S. 1973, for reinstatement of his license.

In ordering an extension of Conway's 1978 suspension, the Department relied upon departmental rules and regulations requiring payment of a restoration fee and reinstatement of a license before a suspension is considered terminated. The Department denied Conway's request to apply the rule announced by this court in *Zucchini v.*

*Colorado Department of Revenue,* Colo. App., 620 P.2d 247 (1980), *rev'd sub. nom. Colorado Department of Revenue,* Colo., 640 P.2d 1143 (1982), to this case.

Conway sought review of the Department's order on numerous grounds, including estoppel and alleged denials of constitutionally protected due process and equal protection rights. The trial court found that Conway committed the statutory offense of driving while ability impaired on August 31, 1980. That finding has not been cross-appealed. The trial court's judgment reversing the Department's order was based upon its conclusions that Conway's license was not "suspended" on the date of his traffic offenses and that the hearing officer failed to find that petitioner had been convicted of driving while under suspension.

The Department first contends that the trial court erred in determining that Conway was not suspended on August 31, 1980. We agree.

The trial court's decision was rendered prior to the decision of our Supreme Court in *Colorado Department of Revenue v. Smith,* Colo., 640 P.2d 1143 (1982). In that case, which reversed *Zucchini v. Department of Revenue, supra,* our Supreme Court held that for purposes of extending the suspension of a Colorado driver's license pursuant to § 42–2–103(3), C.R.S. 1973, the initial suspension is not terminated until the driver has paid the restoration fee required by § 42–2–124(3), C.R.S. 1973. The record here supports the Department's conclusion that Conway failed to seek restoration of his Colorado driver's license before August 31, 1980; therefore, he was still "under suspension" on that date.

We also agree with the Department's contention that the trial court erred in concluding that conviction of the offense of driving while under suspension is a prerequisite for extension of a period of suspension. Section 42–2–130(3), C.R.S. 1973, requires the Department to examine immediately the files of any person convicted of "an offense committed while operating a motor vehicle" to determine whether such

person's license "has been suspended . . . ." If the offense was committed while the license was suspended, the statute authorizes the Department to extend such suspension. The statutory language does not indicate any intent by the General Assembly to limit its provisions to persons charged or convicted of the offense of driving while license suspended. To the contrary, conviction of *any* motor vehicle offense prior to the expiration of a period of suspension is sufficient to support an extension of that suspension period by the Department.

In view of its conclusions respecting the applicable period of suspension and the absence of a conviction of driving with suspension, the trial court quite appropriately did not reach the estoppel and constitutional issues raised by Conway's complaint for review. The cause must therefore be remanded to permit the trial court to address the remaining issues raised by Conway's request for review.

The judgment is reversed and the cause is remanded for further proceedings in conformity with this opinion.

SMITH and KELLY, JJ., concur.