**Lanny Reed SEIGNEUR,
Plaintiff-Appellant,**

v.

**MOTOR VEHICLE DIVISION OF the
DEPARTMENT OF REVENUE,
Defendant-Appellee.**

No. 82CA1334.

Colorado Court of Appeals,
Div. III.

Aug. 4, 1983.

Rehearing Denied Sept. 1, 1983.

Young & Martin, Timothy J. Martin, Russell C. Cline, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendant-appellee.

KELLY, Judge.

Plaintiff, Lanny Reed Seigneur, appeals a judgment of the district court affirming the Department of Revenue's extension of the suspension of his driver's license for one year in addition to the original suspension period. We reverse.

Plaintiff's driver's license was suspended for 12 months on May 16, 1979, for the accumulation of 12 points during a 12-month period, and he was issued a probationary license. Plaintiff was eligible for

reinstatement of his license on May 15, 1980, but did not apply. On September 22, 1980, plaintiff was issued a traffic citation and charged with driving under suspension. He applied for reinstatement of his license on October 10, 1980.

Plaintiff was convicted of improper lane use, and the charge of driving under suspension was dismissed. On April 8, 1981, the Department of Revenue found that he had been driving under suspension and extended the suspension of his driver's license until March 16, 1982, one year from the date of his conviction for improper lane use. At plaintiff's request, a hearing was held on April 19, 1981. The hearing officer advised plaintiff, who appeared without counsel, that because he had not applied for reinstatement and had not paid the restoration fee prior to his being issued the citation, his license was suspended at that time. Plaintiff indicated that he was driving to work when cited. However, no sworn testimony was taken.

The dispositive issue on this appeal is whether plaintiff's probationary license expired at the end of the 12-month period of suspension in May 1980, or, as he contends, was valid until he sought restoration of his license in October 1980. We conclude that the probationary license is valid until the licensee pays the restoration fee unless an expiration date is stated on the probationary license.

In *Colorado Department of Revenue v. Smith,* 640 P.2d 1143 (Colo.1982) the Supreme Court held that a suspension of driving privileges does not expire automatically at the end of the period of ineligibility prescribed by the department, but continues until the required restoration fee is paid.

■ Department of Revenue Regulation No. 2–123.11, 1 Code Colo.Reg. 204–8 (1977), provides that "the hearing officer may, upon request of the licensee, have the department issue a probationary license *for the period of suspension.*" (emphasis added) The department is authorized to issue probationary licenses only within the specific guidelines of Regulation 2–123.11. *See Elizondo v. Motor Vehicle Division,* 194

Colo. 113, 570 P.2d 518 (1977). Therefore, since under the regulation the department's authority is limited to issuing probationary licenses for the period of suspension, and the period of suspension continues until the restoration fee is paid, irrespective of the date on which ineligibility expires, we hold that a probationary license is valid until the licensee pays the restoration fee. *See People v. Lessar,* 629 P.2d 577 (Colo.1981); *see also* § 42–2–123, C.R.S.1973 (1982 Cum. Supp.) (effective October 1, 1979). If the department intends that a probationary license expire on a date certain, a notation to that effect must be made on the probationary license.

The department argues that this holding could allow a suspended driver who holds a probationary license to drive indefinitely without becoming reinstated. We disagree. A probationary license is not an unlimited license to drive. A hearing officer may grant a probationary license only for certain restricted health and welfare purposes, and the licensee's driving privileges are limited to those purposes. Department of Revenue Regulation 2–123.11, 1 Code Colo.Reg. 204–8 (1977).

■ Defendant's argument that failure to serve summons upon the attorney general in the trial court requires dismissal of this appeal is not properly before us as it was not raised in defendant's initial pleadings. C.R.C.P. 12(h); *Board of County Commissioners v. District Court,* 172 Colo. 311, 472 P.2d 128 (1970).

The trial court's judgment is reversed and the cause remanded to the Department of Revenue to take sworn testimony to determine whether plaintiff was within the restrictions of his probationary license when issued the traffic citation. If the evidence establishes that plaintiff was driving within the restrictions of his probationary license when cited, we direct the department to reissue his driver's license.

TURSI, J., concurs.

BERMAN, J., dissents.

BERMAN, Judge, dissenting.

I respectfully dissent.

The statute governing the issuance of probationary licenses in Colorado specifies that a probationary license may be issued "for a period *not to exceed the period of suspension.*" Section 42–2–123(11), C.R.S. 1973 (emphasis supplied). Here, the plaintiff's license was suspended for one year. Therefore, the probationary license, according to the above statute, could not be issued for a longer period than 12 months.

Extension of the probationary license beyond the 12 months would be neither "just" nor "reasonable." *See* § 2–4–201(1)(c), C.R.S.1973 (1980 Repl.Vol. 1B). By extending the probationary license indefinitely, the driver is given the privileges of a *permanent* license for which he will never be required to pay renewal fees and for which he will never need to undergo further examination. This places the suspended driver in a far better position than a driver with a pristine record.

The majority cites, in support of its holding our Supreme Court's decision in *Colorado Department of Revenue v. Smith,* 640 P.2d 1143 (Colo.1982). However, upon a close reading of the *Smith* case, I have concluded that its logic runs directly contrary to the majority holding.

In *Smith,* two of this court's decisions dealing with suspension of driving privileges were reversed. One of these was *Smith v. Colorado Department of Revenue* (Colo. App. No. 80CA0309, ann'd October 9, 1980) (not selected for official publication). There, we held that a driver whose license had been suspended for 12 months but had not paid the required restoration fee could not face a further suspension if convicted of a traffic offense after the 12-month period had expired. Our Supreme Court reversed, holding that a driver "is not extended a privilege to drive in Colorado until the period of suspension has expired *and* the restoration fee has been paid." (emphasis supplied). The additional 12-month suspension was reinstated.

I would affirm the trial court and remand for reentry of the Department of Revenue's order extending the suspension of plaintiff's license for an additional year.