**Erik Hans BRAKHAGE,
Plaintiff-Appellee,**

v.

**COLORADO DEPARTMENT OF REVE-
NUE, MOTOR VEHICLE DIVISION,
Defendant-Appellant.**

**No. 84CA0778.**

Colorado Court of Appeals,
Div. I.

Aug. 29, 1985.

Rehearing Denied Oct. 3, 1985.

Certiorari Granted Dec. 9, 1985.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant.

PIERCE, Judge.

The Colorado Department of Revenue (Department) appeals the judgment of the district court which reversed the extension of a suspension order concerning the license of Erik Hans Brakhage. We affirm.

On March 8, 1982, the Department suspended Brakhage's driver's license, pursuant to § 42–2–123, C.R.S. At that time it issued Brakhage a probationary license. The suspension period and the probationary license were stated specifically to expire on September 7, 1982. Brakhage did not act to reinstate his license until November 17, 1982.

On October 15, 1982, Brakhage was involved in an accident and was later convicted of careless driving as a result. After his conviction, the Department held a hearing and determined that the suspension period should be extended. The basis of the extension was that his probationary license had expired on September 7, and that his license was not reinstated until November 17. Therefore, he had committed the offense, in October, of driving while under suspension.

We affirm the district court's reversal of the Department's determination, but for different reasons.

The district court based its ruling on *Seigneur v. Motor Vehicle Division*, 674 P.2d 967 (Colo.App.1983). There, we ruled that the probationary license was valid until the licensee paid the restoration fee necessary for restoration of the suspended license where the probationary license had no stated expiration date. We stated in *Seigneur* that: "If the Department intends that a probationary license expire on a date certain, a notation to that effect must be made on the probationary license." That admonition was followed here by the Department, and the license had a stated expiration date of September 7.

However, under the Department's order, the suspension also expired on September 7. Therefore, Brakhage was not driving under suspension at the time of the alleged offense; rather he was driving without a

valid license. This offense did not constitute a proper basis to extend a suspension which has already expired under § 42–2–130(3), C.R.S.

The judgment is affirmed.

SMITH and KELLY, JJ., concur.