**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Petitioner,**

v.

**Eric Hans BRAKHAGE, Respondent.**

No. 85SC413.

Supreme Court of Colorado, En Banc.

April 13, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., General Legal Services Section, Denver, for petitioner.

No appearance for respondent.

LOHR, Justice.

This case presents issues concerning the propriety of an administrative order extending a period of suspension of respondent Erik Hans Brakhage's driver's license. The Colorado Department of Revenue, Motor Vehicle Division (Department), issued an order extending the period during which Brakhage's driver's license was to be suspended based on Brakhage's conduct in driving an automobile after the original period of suspension had expired but before he had taken the action necessary to reinstate his license. The Boulder County District Court reversed the extension order, and the Colorado Court of Appeals affirmed the district court's judgment in *Brakhage v. Colorado Department of Revenue*, 710 P.2d 1190 (Colo.App.1985). We granted certiorari and now conclude that the Department's order extending the period of suspension of Brakhage's driver's license was proper. We therefore reverse the judgment of the court of appeals.

I.

On March 8, 1982, the Department suspended Brakhage's driver's license because he had accumulated more than the statutorily permissible number of "points" within a one year period. *See* § 42–2–123(1), 17 C.R.S. (1973 & 1981 Supp.). The order provided that "the suspension shall remain in effect until 7 September 1982 and shall continue in effect until the provisions of 42–2–124 C.R.S. 73 are complied with and required insurance filed with and a twenty dollar ($20.00) restoration fee is paid to the Department of Revenue, Motor Vehicle Division." The Department also issued Brakhage a probationary license on the date his

license was suspended. *See* § 42–2–123(11), 17 C.R.S. (1984). The probationary license stated that it would expire on September 7, 1982.

Brakhage did not pay the fee or submit the proof of insurance required for reinstatement of his driver's license until November 17, 1982. *See* §§ 42–2–124(3), 17 C.R.S. (1981 Supp.); 42–7–406(2), 17 C.R.S. (1973).[1] On October 15, 1982, however, Brakhage was involved in an automobile accident. He subsequently sustained a conviction of careless driving stemming from that accident, and on March 15, 1983, the Department issued an "Order of Suspension Renewed" suspending his driver's license for an additional one year period ending on September 6, 1983. *See* § 42–2–130(3), 17 C.R.S. (1984). At Brakhage's request, a hearing was held on the propriety of the order extending the period of suspension. At the conclusion of the hearing, on April 18, 1983, a Department hearing officer refused to vacate the extension order. Brakhage appealed to the Boulder County District Court. *See* § 42–2–127, 17 C.R.S. (1984); § 24–4–106, 10 C.R.S. (1982).

The district court reversed the order extending the period of suspension, holding that Brakhage's probationary license remained valid until Brakhage paid the reinstatement fee on November 17, 1982, notwithstanding that the probationary license stated an expiration date of September 7, 1982. The Department subsequently appealed the district court's judgment to the Colorado Court of Appeals.

The court of appeals affirmed the judgment of the district court, but on grounds different from those relied on by the district court. The court of appeals held that the probationary license was not valid after its stated expiration date of September 7, 1982. However, the court held that the period of suspension terminated automatically on September 7, 1982. Brakhage, therefore, was not driving while his license was suspended on October 15, 1982, but instead was driving without a valid license, conduct not recognized as a basis for extending an order of suspension under section 42–2–130(3). *Brakhage v. Colorado Department of Revenue*, 710 P.2d at 1190–91. We granted the Department's petition for certiorari to review the court of appeals' decision.

## II.

The order suspending Brakhage's driver's license explicitly provided that the suspension should continue in effect after September 7, 1982, until the filing of proof of insurance and the payment of the restoration fee. These requirements find statutory authorization in section 42–2–124(1), 17 C.R.S. (1984), which provides in relevant part:

> The department shall not suspend a driver's license or privilege to drive a motor vehicle on the public highways for a period of more than one year, except ... for noncompliance with the provisions of subsection (3) of this section [payment of restoration fee] or section 42–7–406 [proof of insurance], or both.

In *Colorado Department of Revenue v. Smith*, 640 P.2d 1143 (Colo.1982), we held that "once a person's license or privilege to operate a motor vehicle has been suspended, that person *must* pay a restoration fee before the license or privilege will be restored as required by section 42–2–124(3). . . ." *Id.* at 1144 (emphasis in original). Therefore, the status of suspension continues "until the period of suspension has expired *and* the restoration fee has been paid." *Id.* at 1145 (emphasis added).

In the analogous case of *People v. Lessar*, 629 P.2d 577 (Colo.1981), an order had been issued by the Department denying the unlicensed resident defendant's driving privilege for three months based upon his unjustified refusal to submit to a chemical test under the implied consent law, § 42–4–

---

**1.** Section 42–2–124(3), 17 C.R.S. (1981 Supp.), provided for the payment of a restoration fee of twenty dollars. That provision was amended by the legislature in 1984 to provide for a restoration fee of thirty dollars. Ch. 299, sec. 4, § 42–2–124(3), 1984 Colo.Sess.Laws 1060 (codified at § 42–2–124(3), 17 C.R.S. (1984)).

1202(3)(e), 17 C.R.S. (1973 & 1980 Supp.).[2] The order explicitly provided that denial would continue in effect until the filing of proof of insurance and the payment of a restoration fee. After the three month period expired but before the defendant had obtained a driver's license in accordance with the denial order, he drove a vehicle on the public highways and was charged with driving while license denied, § 42–2–130(1)(a), 17 C.R.S. (1980 Supp.).

The defendant's argument in *People v. Lessar*, like that of Brakhage in the present case, was that the order of denial expired at the end of three months, and that even though he did not obtain a driver's license thereafter, he was not driving "under denial." We rejected that argument and held that the completion of the term of revocation or denial merely makes the driver eligible to apply for a new license. "The issuance of a new license is expressly conditioned upon compliance with the terms of the denial order. Until the driver complies with those terms and obtains a new license, his driving status as 'revoked' or 'denied' continues." *People v. Lessar*, 629 P.2d at 580. *Cf. People v. Lopez*, 143 Colo. 523, 525, 354 P.2d 491, 492 (1960) (status of minor's driver's license as "revoked" continues beyond the time the license itself would have expired until driver has been granted a new license); *City & County of Denver v. Palmer*, 140 Colo. 27, 29, 342 P.2d 687, 687–88 (1959) (status of driver's license as "revoked" continues beyond one year period until driver is granted a new license). In *People v. Lessar*, we considered the consequences of adopting the defendant's position, which had been accepted by the district court, and stated:

The construction employed by the district court would vitiate the public safety purposes of the Uniform Traffic Code by permitting a person to drive upon the public streets and highways after an order of denial and nevertheless escape prosecution under § 42–2–130(1)(a) merely because the act of driving occurred

after the three month period of ineligibility for licensing had expired. We reject such construction as unreasonable.

*People v. Lessar*, 629 P.2d at 580. The same unreasonableness inheres in the construction of the analogous statute, section 42–2–124(1), urged by Brakhage in the case now before us.

■ We believe that the language of the statutes, the holdings of our prior cases, and the public policy underlying the legislation all support our holding that a person's driving status of "suspended" continues unless and until the driver obtains removal of the suspension at the end of the designated period of suspension by paying the restoration fee and providing the requisite proof of insurance.

### III.

■ Brakhage argues, however, that even if the period of suspension continued after September 6, 1982, the probationary license must also continue for a period coextensive with the duration of the suspension. The district court agreed, but the court of appeals rejected this argument. We also reject this argument, but for reasons different from those relied on by the court of appeals.

The court of appeals relied on *Seigneur v. Motor Vehicle Division*, 674 P.2d 967 (Colo.App.1983), in which it had held that a "probationary license is valid until the licensee pays the restoration fee *unless an expiration date is stated on the probationary license.*" *Id.* at 968 (emphasis added). Because the probationary license in the present case specified an expiration date of September 6, 1982, the court of appeals held that Brakhage's probationary license automatically expired on that date. *Brakhage v. Colorado Department of Revenue*, 710 P.2d at 1190–91. Although we agree with the result reached by the court of appeals, we disapprove of its reliance on *Seigneur.*

2. Section 42–4–1202(3)(e), 17 C.R.S. (1973 & 1980 Supp.), was repealed by the legislature in 1983. Ch. 476, sec. 2, § 42–4–1202(3), 1983 Colo.Sess.Laws 1631. Section 42–2–122.1, 17 C.R.S. (1984), now governs revocation or denial of a person's driver's license or driving privileges by reason of refusal to submit to a chemical sobriety test.

In *Seigneur*, the licensee's driver's license had been suspended for a period of one year, and he was issued a probationary license. The probationary license did not specify an expiration date. The licensee failed to take the steps necessary for reinstatement of his license following the termination of the period of suspension specified in the order of suspension. Before taking any action to reinstate his license, the licensee received a traffic citation and was charged with driving under suspension. Shortly thereafter, the licensee finally applied for reinstatement of his license. The Department found that the licensee had been driving under suspension, and it extended the suspension of his driver's license for one year. The district court affirmed.

The court of appeals reversed the judgment of the district court. The appeals court reasoned:

> [S]ince under the regulation [Regulation 2-123.11(B), 1 C.C.R. 204-8 (1977)] the department's authority is limited to issuing probationary licenses for the period of suspension, and the period of suspension continues until the restoration fee is paid, irrespective of the date [specified in the order of suspension], we hold that a probationary license is valid until the licensee pays the restoration fee.

*Seigneur v. Motor Vehicle Division*, 674 P.2d at 968. The court went on, however, to state that a probationary license that specifies an expiration date expires automatically on that date. *Id.*

Section 42-2-123(11), 17 C.R.S. (1984), governs the issuance of probationary licenses. That statute provides in pertinent part:

> In the event that the driver's license is suspended, the department may issue a probationary license for a period not to exceed the period of suspension, which license may contain such restrictions as the department deems reasonable and necessary and which may thereafter be subject to cancellation as a result of any violation of the restrictions imposed therein.

Regulation 2-123.11(B), 1 C.C.R. 204-8 (1977), relating to probationary licenses, provides in relevant part:

> In the event the hearing officer has determined the licensee's license is to be suspended and has determined the length of the suspension, ... the hearing officer may, upon request of the licensee, have the department issue a probationary license for the period of suspension.

We believe, contrary to the opinion of the court of appeals in *Seigneur*, that the term "period of suspension" as used in section 42-2-123(11) and Regulation 2-123.11(B) refers to the period of suspension specified in the order of suspension rather than the entire period of time between the effective date of the order of suspension and the time the restoration fee is paid and proof of insurance is furnished. To hold that a probationary license can continue beyond the period of suspension specified in the order of suspension until the restoration fee is paid and the proof of insurance is supplied would lead to unreasonable results that the legislature could not have intended. One consequence would be that the driver could continue to operate a vehicle on Colorado's highways for an indefinite time under the probationary license without the payment of a restoration fee or demonstration of financial responsibility. *See Seigneur v. Motor Vehicle Division*, 674 P.2d at 969 (Berman, J., dissenting). It is to prevent such an untoward result that the legislature has authorized the duration of probationary licenses to be limited. *See* § 42-2-123(11), 17 C.R.S. (1984). *Cf. People v. Lessar*, 629 P.2d 577, 580 (Colo.1981) (legislature could not have intended driver to escape prosecution under § 42-2-130(1)(a) merely because act of driving occurred after period of ineligibility for licensing had expired). By terminating the probationary license at the end of the period of suspension specified in the order of suspension, the licensee is encouraged to seek immediate reinstatement of full driving privileges. Therefore, regardless of whether an expiration date is specified in a probationary license, such a license is not valid beyond the period of suspension specified in the

order of suspension.[3] To the extent that *Seigneur* holds to the contrary, we overrule it.

In the present case, then, Brakhage's probationary license expired both by its own terms and by operation of law on September 6, 1982. Therefore, he was not driving under a valid probationary license on October 15, 1982, the date of the driving incident that resulted in the extension of the period of suspension of his driver's license.

## IV.

In summary, the decision of the court of appeals is directly contrary to our decision in *Colorado Department of Revenue v. Smith* and to the rationale of our decision in *People v. Lessar.* Since Brakhage had not paid the required restoration fee and filed proof of insurance by the time he was involved in the accident for which he was convicted of careless driving, and because he was not driving under a valid probationary license at that time, it follows that Brakhage was driving while his license was suspended on October 15, 1982. Accordingly, the department was authorized to extend the order of suspension. *See* § 42–2–130(3), 17 C.R.S. (1984). The judgment of the court of appeals is reversed.

---

**3.** Our interpretation of the term "period of suspension" as used in section 42–2–123(11) and Regulation 2–123.11(B) does not conflict with our interpretation of the period of suspension contemplated in section 42–2–124(1). *See* part II of this opinion, *supra.* Section 42–2–124(1) expressly states that a licensee's driver's license may be suspended for more than one year if the licensee fails to provide proof of insurance or pay the restoration fee required for reinstatement of his license. Neither section 42–2–123(11) nor Regulation 2–123.11(B) contains any such express definition of the period of suspension contemplated by those provisions. We believe that our interpretation best comports with the legislature's intent with respect to the motor vehicle laws.