The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

L.D. PURVIS, Defendant-Appellee.

No. 85SA127.

Supreme Court of Colorado, En Banc.

April 13, 1987.

---

Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for plaintiff-appellant.

Mark David Hanson, Fort Collins, for defendant-appellee.

LOHR, Justice.

The People appeal from an order of the Larimer County District Court dismissing a charge against L.D. Purvis (defendant) of driving after revocation prohibited in violation of section 42–2–206, 17 C.R.S. (1984). The district court dismissed the charge on the basis that the period of revocation specified in the order of revocation had expired, despite the fact that the defendant had never complied with "financial responsibility requirements" as required by section 42–2–205, 17 C.R.S. (1984). We reverse the order of dismissal and remand the case to the district court for reinstatement of the charge of driving after revocation prohibited.

## I.

On February 2, 1979, the defendant was adjudged an habitual traffic offender pursuant to section 42–2–202, 17 C.R.S. (1984),[1] and his license was revoked for a period of five years. *See* §§ 42–2–203, –205, 17 C.R.S. (1984). More than five years later, on January 13, 1985, a patrol officer of the City of Loveland Police Department stopped an automobile because it was weaving in and out of traffic in a potential-

ly dangerous manner. The defendant was behind the wheel of the vehicle, and the officer asked him for his driver's license. The defendant replied that he did not have a license but gave the officer his social security card, which identified him as L.D. Purvis. The officer then checked the defendant's driving status by contacting the Colorado Crime Information Center and the Colorado Department of Revenue. Both sources provided the information that the defendant's driver's license had been revoked based on his status as an habitual traffic offender.

On January 17, 1985, the People filed an information in the Larimer County District Court charging the defendant with driving after revocation prohibited, a class five felony, in violation of section 42–2–206, 17 C.R.S. (1984).[2] The information also charged the defendant with other motor vehicle offenses not at issue in this case.

The defendant requested and was granted a preliminary hearing for the purpose of determining whether there was probable cause to believe that he had committed the offense of driving after revocation prohibited. *See* § 16–5–301, 8A C.R.S. (1986); Crim. P. 7(h)(1). The preliminary hearing was held on March 12, 1985. After the prosecution presented evidence establishing the foregoing facts, the district court dismissed the charge of driving after revocation prohibited. The district court apparently based its ruling on its conclusion that the revocation of the defendant's license had expired automatically on February 2, 1984, at the end of the five-year period of revocation. The court determined that the revocation was therefore not "in effect," as required by section 42–2–206, on January 13, 1985, the date of the alleged offense, despite the fact that the defendant had never complied with the "financial respon-

---

**1.** The statutes use the term "habitual offender." §§ 42–2–201 to –208, 17 C.R.S. (1984). For clarity, we use the term "habitual traffic offender," because the status as an "habitual offender" is based solely upon convictions for offenses relating to motor vehicle laws.

**2.** Section 42–2–206(1), 17 C.R.S. (1984), provides in relevant part:

It is unlawful for any person to operate any motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect. Any person found to be an habitual offender, who is thereafter convicted of operating a motor vehicle in this state while the revocation of the department prohibiting such operation is in effect, is guilty of a class 5 felony.

sibility requirements" that must be satisfied pursuant to section 42–2–205, 17 C.R.S. (1984), before a person adjudged an habitual traffic offender may regain the privilege to drive. The People subsequently appealed the district court's order of dismissal to this court. *See* § 16–12–102(1), 8A C.R.S. (1986); C.A.R. 4(b)(2).

## II.

The question before us is whether the revocation of the defendant's driver's license remained in effect past the expiration of the five-year revocation period because he failed to meet the statutory conditions for reinstatement of his driver's license, thus subjecting him to prosecution under section 42–2–206 for driving after revocation prohibited. We hold that it did.

In *People v. Lessar*, 629 P.2d 577 (Colo. 1981), we considered the driving status of an individual whose driving privileges had been denied for unjustified refusal to submit to a chemical test under the implied consent statute. *See* § 42–4–1202(3)(e), 17 C.R.S. (1980 Supp.).[3] The issue was whether the driving status of "revoked" or "denied" expires at the end of the time specified in an order of revocation or denial, or whether that status continues until the individual satisfies the statutory requirements of paying a restoration fee and filing proof of financial responsibility. *See* §§ 42–2–124(3), 42–7–406(1), 17 C.R.S. (1980 Supp.). The resolution of the issue was essential in order to determine whether the defendant's conviction for driving while license denied, § 42–2–130(1)(a), C.R.S. 1973 (1980 Supp.), could be sustained.

We held in *People v. Lessar* that an individual's driving status as "revoked" or "denied" pursuant to the implied consent statute remains in effect beyond the time period specified in the revocation or denial order until the individual complies with statutory conditions for relicensing. Thus, the defendant's conviction for driving while license denied based upon his driving prior to complying with those statutory conditions was sustained. *People v. Lessar*, 629 P.2d at 579–80. *See also Colorado Department of Revenue v. Smith*, 640 P.2d 1143 (Colo.1982) (status of "suspended" continues until statutorily required restoration fee paid). We reasoned that it would be unreasonable, in light of the public safety purposes of the Uniform Traffic Code, to allow an individual to escape prosecution for driving while license denied under section 42–2–130(1)(a) "merely because the act of driving occurred after the . . . period of ineligibility for licensing had expired." *People v. Lessar*, 629 P.2d at 580.

3. Section 42–4–1202(3)(e), 17 C.R.S. (1980 Supp.), provided in relevant part:

> The department, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle while under the influence of, or impaired by, alcohol and that the person had refused to submit to the test upon the request of the law enforcement officer, shall, as soon as possible, serve notice upon said person, in the manner provided in section 42–2–117, to appear before the department and show cause why his license to operate a motor vehicle or, if said person is a nonresident, his privilege to operate a motor vehicle within this state should not be revoked.... If reasonable grounds are established and said person is unable to submit evidence that his physical condition was such that, according to competent medical advice, such test would have been inadvisable or that the administration of the test would not have been in conformity with the rules and regulations of the state board of health or in conformity with the

> provisions of this section or if said person fails to attend the hearing without good cause shown, the department shall forthwith revoke said person's license to operate a motor vehicle or, if said person is a nonresident, his privilege to operate a motor vehicle within this state for a period of three months for the first such revocation and for a period of twelve months for the second and each subsequent revocation or denial within any five-year period; or, if the person is a resident without such license, the department shall deny to such person the issuance of a license for a period of three months for the first such revocation or denial and for a period of twelve months for the second and each subsequent revocation or denial within any five-year period.

Section 42–4–1202(3)(e), 17 C.R.S. (1980 Supp.), was repealed by the legislature in 1983. Ch. 476, sec. 2, § 42–4–1202(3), 1983 Colo.Sess.Laws 1631. Section 42–2–122.1, 17 C.R.S. (1984), now governs revocation or denial of a person's driver's license or driving privileges by reason of refusing to submit to a chemical sobriety test.

The reasoning we employed in *People v. Lessar* applies with equal force to the circumstances of the present case. Section 42–2–206 prohibits an habitual traffic offender from operating a motor vehicle "while the revocation of the department prohibiting the operation remains in effect." As the defendant concedes, section 42–2–205(1), 17 C.R.S. (1984), defines the period of revocation. That statute, analogous to the implied consent statute at issue in *People v. Lessar*, requires that an individual demonstrate financial responsibility when seeking a new license after having been declared an habitual traffic offender and having had his license revoked. Section 42–2–205 provides:

> (1) No license to operate motor vehicles in this state shall be issued to an habitual offender, nor shall an habitual offender operate a motor vehicle in this state:
>
> (a) For a period of five years from the date of the order of the department finding such person to be an habitual offender; *and*
>
> (b) Until such time as financial responsibility requirements are met.

(Emphasis added.) This statute reflects the legislature's intent to maintain an habitual traffic offender's driving status as revoked beyond the five year period until the offender complies with financial responsibility requirements.[4] *See also* § 42–2–124(1), 17 C.R.S. (1984) ("The department shall not suspend a driver's license or privilege to drive a motor vehicle on the public highways for a period of more than one year, except as permitted under [certain sections] and [section] 42–2–205 and except for noncompliance with the provisions of subsection (3) of this section [restoration fee] or section 42–7–406 [financial responsibility requirements], or both.").

▮ An habitual traffic offender is ineligible for licensing until financial responsibility requirements are met. As we said in *People v. Lessar,*

[T]he right to licensing does not automatically spring to life at the end of the period of ineligibility, as if the order never had been entered.... Rather, the completion of the term of revocation or denial merely makes the driver eligible to apply for a new license.

*People v. Lessar*, 629 P.2d at 580 (citation omitted). Until the statutory conditions for licensing are met, the individual's driving status as "revoked" or "denied" continues. *Id. See also Colorado Department of Revenue v. Smith*, 640 P.2d at 1145 (driving status as "suspended" continues beyond specified period of suspension until statutorily required restoration fee paid). In light of the unambiguous language of section 42–2–205, we see no reason to apply a different interpretation to the habitual traffic offender statutes than we applied to section 42–2–130(1)(a) in *People v. Lessar*.

▮ The defendant argues, however, that the legislature intended that failure to obtain a license after a designated period of revocation expires should be punished solely under the misdemeanor traffic laws and not under the felony habitual traffic offender laws. We find no support for this proposition. Indeed, the plain language of section 42–2–205 and section 42–2–206, as discussed previously, requires a contrary conclusion. Furthermore, the same concerns for public safety that supported our decision in *People v. Lessar* were recognized by the legislature in adopting the habitual traffic offender laws. *See* § 42–2–201, 17 C.R.S. (1984). It is the legislature's prerogative to define crimes and prescribe punishments. *People v. Montgomery*, 669 P.2d 1387, 1390 (Colo.1983); *People v. Childs*, 199 Colo. 436, 439, 610 P.2d 101, 103 (1980). We believe that the General Assembly has defined the crime of driving after revocation prohibited in unmistakably clear terms in section 42–2–206.

We have reviewed the defendant's remaining contentions and find them to be without merit. The order of the district court is reversed and the case is remanded

---

**4.** The "financial responsibility requirements" referred to in section 42–2–205(1)(b), 17 C.R.S. (1984), are discussed in our opinion announced today in *People v. Revello*, 735 P.2d 487 (Colo. 1987). The defendant in this case raises no issue as to the nature of these "financial responsibility requirements."

to the district court for reinstatement of the charge of driving after revocation prohibited.

