SMITH and PLANK, JJ., concur.

**Richard Duane SMITH, Jr., Plaintiff–Appellee,**

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

No. 88CA1621.

Colorado Court of Appeals, Div. II.

Jan. 25, 1990.

Rehearing Denied Feb. 22, 1990.

Certiorari Denied June 25, 1990.

**612**

Dickson and Dickson, P.C., Charles B. Dickson, Greeley, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Antony B. Dyl, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge SMITH.

The Department of Revenue (Department) appeals from the district court judgment requiring the Department to restore the driving privileges of plaintiff, Richard Duane Smith, Jr., following the expiration of a period of revocation of his driver's license. We reverse.

On January 21, 1987, plaintiff's driver's license was revoked pursuant to § 42-2-122(1)(g), C.R.S. (1984 Repl.Vol. 17), following his second conviction of an alcohol-related traffic offense within five years. The order provided that the revocation was for "a minimum period of one year," and "shall continue in effect" until, among other things, "the provisions of § 42-2-124 [C.R.S. (1984 Repl.Vol. 17) ] are complied with."

On February 24, 1988, an administrative hearing was held regarding the restoration of plaintiff's driver's license following the expiration of the one-year period of revocation, or, alternatively, regarding the issuance of a probationary license for any remaining revocation period. It is undisputed that plaintiff by that time had completed a Level II alcohol education program, as required under the terms of his probation imposed as part of his sentence by the criminal court following his second conviction. It is also undisputed that, as of that time, plaintiff had not undertaken any Level II alcohol treatment program, as contemplated by § 42-2-124(2), C.R.S. (1984 Repl.Vol. 17).

The hearing officer ruled that completion of Level II alcohol education *and* treatment programs was required for reinstatement of his license, as well as, for eligibility for a probationary license. The hearing officer also ruled that plaintiff was not eligible for a probationary license because he was eligible for reinstatement, as the revocation had been in effect for more than one year. Accordingly, the hearing officer denied plaintiff a probationary license and ordered that the revocation would remain in effect until such time as plaintiff demonstrated completion of a Level II alcohol treatment program.

On review, the district court ruled that completion of both a Level II alcohol education program and a Level II alcohol treatment program was not a prerequisite either for reinstatement or for a probationary license, and held that plaintiff had satisfied the Level II program prerequisites in connection with his driving status. The district court therefore ordered the Department to restore plaintiff's driving privileges and to return his license to him.

The Department contends that the district court erred in so ruling, and we agree.

■ Under § 42–2–124(2), except in the case of a minor driver, the Department is mandated not to reinstate a license which was revoked pursuant to § 42–2–122 for an alcohol- or drug-related offense following the expiration of the given minimum period of revocation unless and until such person "has completed not less than a level II alcohol and drug education *and* treatment program certified by the division of alcohol and drug abuse pursuant to section 42–4–1202(5)." (emphasis added) Contrary to the district court's ruling, we hold that these statutory provisions require completion of both Level II alcohol education *and* treatment as a prerequisite to reinstatement of plaintiff's license after completion of the revocation period.

We recognize that this holding may sometimes result, as noted by the hearing officer here, in a person such as plaintiff being subject to different program requirements for purposes of administrative proceedings for reinstatement of driving privileges following revocation and for purposes of compliance with probationary requirements imposed as part of a sentence in criminal proceedings. Nevertheless, such a result is implicit in the differences between the statutory schemes which govern the separate administrative and criminal proceedings.

In contrast to the conjunctive language noted above in the statute pertaining to administrative proceedings, for purposes of criminal proceedings, § 42–4–1202(5), C.R.S. (1984 Repl.Vol. 17) refers to completion of whatever type of program of alcohol and drug "education *or* treatment" that may be imposed by the sentencing court.

Thus, while completion of a Level II treatment program may or may not be required at the option of the sentencing court under the criminal scheme, we conclude that the General Assembly has mandated completion of a Level II treatment program for certain persons for purposes of the administrative scheme.

Moreover, contrary to the district court's reasoning, we find no significance in the use of the singular term "program" in § 42–2–124(2) since the singular includes the plural in construing this statute. Section 2–4–102, C.R.S. (1980 Repl.Vol. 1B); *see Renck v. Motor Vehicle Division*, 636 P.2d 1294 (Colo.App.1981).

In addition, Department of Revenue Regulation No. 2–122.4 A., 1 Code Colo.Reg. 204–8 (1983), requires completion of a Level II "education *and* therapy" program as a prerequisite to reinstatement of a license at the end of a period of revocation for drivers such as plaintiff. We hold that the word "therapy" as used in the regulation is synonymous with the word "treatment" as used in the statute. We also note that the construction of statutes by administrative agencies charged with their enforcement should be given deference by a reviewing court. *Hewlett–Packard Co. v. State*, 749 P.2d 400 (Colo.1988); *Zagar v. Colorado Department of Revenue*, 718 P.2d 546 (Colo.App.1986).

Thus, since plaintiff did not meet the applicable statutory and regulatory requirements for reinstatement because he failed to complete a Level II alcohol therapy program, the hearing officer properly refused to reinstate his license following the expiration of the one-year revocation period, and the district court erred in ruling to the contrary.

■ We also conclude that the hearing officer properly denied plaintiff a probationary license for the remaining revocation period.

Initially, we note that plaintiff's eligibility for a probationary license during the original one-year revocation period is not at issue here. Since this revocation period has expired, that issue is moot. *See Donelson v. Colorado Department of Revenue*, 38 Colo.App. 354, 561 P.2d 345 (1976).

Although, by virtue of plaintiff not having completed the requisite therapy, the revocation remains in effect following the expiration of the original revocation period, no probationary license can be issued beyond the original period of revocation. *Colorado Department of Revenue v. Brakhage,* 735 P.2d 195 (Colo.1987); *see* § 42-2-122(4), C.R.S. (1984 Repl.Vol. 17). This limitation on the period of availability of probationary licenses is necessary to prevent unreasonable results that the General Assembly could not have intended and to encourage licensees to seek immediate reinstatement of full driving privileges at the end of a prescribed revocation period. *Colorado Department of Revenue v. Brakhage, supra.*

Furthermore, even if the statute would permit plaintiff to be issued a probationary license at this point, the completion of a Level II alcohol treatment program is also a prerequisite for eligibility for such a probationary license. *See Hoth v. Charnes,* 736 P.2d 1264 (Colo.App.1987); Department of Revenue Regulation No. 2-122.4 A., *supra.*

Accordingly, the judgment of the district court is reversed, and the cause is remanded to that court with directions to reinstate the orders of the Department in this action.

DAVIDSON, J., concurs.

TURSI, J., dissents.

Judge TURSI dissenting.

I respectfully dissent.

Because the statutory construction urged by the Department of Revenue fails to harmonize and to achieve a just and reasonable result, I dissent.

In enacting a statute it is presumed that a just and reasonable result is intended, and a construction that defeats that intent or leads to an absurd result will not be followed. Section 2-4-201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *Ingram v. Cooper,* 698 P.2d 1314 (Colo.1985). Further, the construction of statutes should, if possible, be harmonized to avoid potential conflict. *People in Interest of D.L.E.,* 645 P.2d 271 (Colo.1982).

Section 42-2-124(2), C.R.S. (1984 Repl. Vol. 17), provides in pertinent part that a person whose license has been revoked pursuant to § 42-2-122, C.R.S. (1984 Repl.Vol. 17), shall not be issued a new license unless that person "has completed not less than *a* level II alcohol and drug education and treatment program certified by the division of alcohol and drug abuse pursuant to § 42-4-1202(5)." (emphasis added) Section 42-4-1202(5)(c), C.R.S. (1984 Repl.Vol. 17) states "[f]or the purpose of this subsection (5), 'alcohol and drug driving safety education or treatment' means either level I or level II education or treatment programs.... Level II programs are to be therapeutically oriented education, long-term outpatient, and comprehensive inpatient programs." Thus, read in context, the clear intent is that if a person's license is revoked under § 42-2-122, then that person's completion of either a level I education program or a level I treatment program does not make him eligible to be relicensed. Rather, that person must complete not less than a level II program, in other words, an inpatient or long-term outpatient program of therapeutically oriented education.

Here, it is undisputed that plaintiff did complete a level II therapeutically oriented education program as certified by the Division of Alcohol and Drug Abuse pursuant to § 42-4-1202(5). As stated by the majority, therapy and treatment as used in the two statutes are synonymous. Therefore, by definition, plaintiff has completed a level II program of education and treatment.

The Department of Revenue's contention that a program of therapeutically oriented education does not equate to *a* level II alcohol and drug education and treatment program is neither just nor reasonable and clearly exalts form over substance.

The trial court properly harmonized and applied the pertinent statutes to the facts in this case; consequently, I would affirm its judgment.